## Foster, Adm'r, etc., v. The City of Chicago et al.

1. MASTER AND SERVANT—*Relation Determined by the Contract.*— The difference between an independent contractor and a mere servant is not determined solely by the retention of a certain kind or degree of supervision by the employer. It is to be determined by the contract as a whole, by its spirit and essence, and not by the phraseology of a single sentence or paragraph.

2. SAME—*When the Relation Does Not Exist.*—One who contracts to do a specific piece of work, furnishing his own assistants and executing the work entirely in accord with his own ideas, or in accordance with

a plan previously given to him by the party for whom the work is being done, without being subject to the orders of the latter in respect to the details of the work, is a contractor and not a servant, and a person injured by his negligence in the performance of the work has no right of action against the party for whose benefit the work is being done.

**Trespass on the Case.**—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed June 28, 1901.

**Statement.**—This is an action by the administrator of the estate of one John Shea to recover under the statute damages to the next of kin for alleged negligence of defendant, causing the death of the intestate. At the close of all the evidence the court instructed the jury to find the defendant not guilty.

The deceased was killed by the caving in of the side of an excavation in a public alley of the city of Chicago, in which he was employed upon the construction of a sewer. A ditch had been excavated to the depth of about fourteen and a half feet, the sides having a slope of about a foot. The embankment was supposed to be protected by boards, which were, it is said, about an inch in thickness and ten inches wide, placed perpendicularly, about four feet apart, and reaching within three or four feet of the bottom of the excavation. They were held in place by a line of stringers on each side of the ditch, which were kept in position by braces reaching across between them, placed at intervals of six or seven feet. The sheeting had no support below the stringers, a distance of over ten feet, to the bottom. The deceased was killed by the caving in of the east side of the excavation for a distance extending about twenty-five feet lengthwise of the sewer. He was at work at the bottom of the ditch near the center of the caving portion, and was covered by the falling sand, causing his death.

There was a contract for the construction of the sewer made by the city of Chicago with one John Sheehy, who, together with one Barney Ryan, was originally joined with the city as party defendant. Subsequently, however, a

non-suit was entered as to Sheehy and Ryan and the trial proceeded as against the city alone.

The contract is dated April 4, 1895, and by its terms the contractor, John Sheehy, agreed to furnish all labor and material, and do all work necessary to fully complete the sewer. It is provided that all material and the time and "manner" of doing the work "must be in every respect satisfactory to the commissioner of public works;" also that "the whole of the work shall be commenced and carried on when and where the commissioner of public works shall direct;" and the contractor "agrees to perform all of said work under the immediate direction and superintendence of the commissioner of public works of the city of Chicago, and to his entire satisfaction, approval and acceptance." The specifications require "that in case the depth of the excavation or the character of the ground renders it necessary to secure the protection of the workmen, the sides of the trench are to be effectually supported with suitable planks and timbers by the contractor without expense to the city."

H. R. RATHBONE and W. P. BLACK, attorneys for appellant.

A. J. RYAN and JOHN E. KEHOE, attorneys for appellee; ROBERTS, ROBERTS & OWENS, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to hold the city liable for the injury upon the ground, as stated by appellant's attorneys, that under the law, and by the terms of this contract, the burden rested upon the city to see that the work was "safely and properly done;" that the city assumed the reponsibility because it "remained in a position of control" over the work and the improvement. The defense of the city is that the work was done under a written contract by an independent contractor, for whose negligence it can not be held liable.

It is urged in behalf of appellant that while it may be that an owner of property who has, by his contract for an improvement, turned over to the contractor absolute con-

trol of the property, reserving to himself no supervisory power, would not in such case be liable for an injury resulting from the negligence of the contractor, yet it is otherwise in the case of an improvement by a city; that a city in the exercise of its franchises assumes a duty as to work of this character which it can not devolve upon a contractor, and a liability for which it will be strictly held.

The general rule is stated by Bishop on Non-contract Law, Sec. 602, to be that "a contractor who simply undertakes to bring about a result after his own methods is not a servant" of his employer, and the latter is not liable for such contractor's negligence; while on the other hand, one "who, though he is to have a stipulated price for a thing, executes it under the direction and superintendence of the employer," is a servant, and the employer is liable to third persons injured by the negligence of such a servant. The liability of the city, therefore, depends mainly upon the contract—whether or not, by the written agreement, the work in doing which appellant's intestate lost his life was done under the direction and superintendence of the city, in such sense as to make the latter liable. It is true that the contractor agreed to perform all the work "under the immediate direction and superintendence of the commissioner of public works, and to his entire satisfaction, approval and acceptance." But the work he agrees so to perform is that prescribed in the contract, and it is evident, we think, that this direction and superintendence relate to results, to the character of the workmanship and not to methods, unless by the use of improper methods the character of the workmanship was rendered unsatisfactory. The requirement that the time and manner of doing the work must be satisfactory to the city's commissioner of public works does not include the means employed, and is limited by the provisions of the contract. The direction and superintendence provided for do not relieve the contractor of responsibility, nor permit the city to change or modify the terms of the written instrument. The contractor agrees to do all work necessary to fully com-

plete the sewer in the manner required by the contract as well as in a manner satisfactory to the city. Provided he reaches a satisfactory result in building such a sewer as the contract calls for, the contractor is not prevented from using his own methods. The specifications require the sides of a trench like that where the caving occurred " to be effectually supported with suitable planks and timbers by the contractor without expense to the city." The method of using such planks and timbers for such purpose is left to the contractor. The contract does not include the direction, management and control by the city of every detail of the work. The contractor was not required to take his orders, day by day, from the city. He was to be guided by the contract and the specifications constituting a part thereof. He was not a mere servant and employe. He was an independent contractor, the city retaining such supervisory power as it might, from time to time, find it necessary to exercise to insure compliance with the contract and to obtain the result called for thereby. The contractor employed and paid his own laborers. The deceased was his employe. The difference between an independent contractor and a mere servant is not determined solely by the retention of a certain kind or degree of supervision by the employer. It is to be determined by the contract, as a whole, by its spirit and essence, and not by the phraseology of a single sentence or paragraph.

Being a contractor and not a mere servant of the city the latter can not be held liable for his negligence in the performance of his work. Hale v. Johnson, 80 Ill. 185; Prairie State L. & T. Co. v. Doig, 70 Ill. 52 (54). See also West v. St. L., V. & T. H. R. R. Co., 63 Ill. 545.

This is not a case where a party, when passing along or using a public street, has been injured because of the negligence of the city in permitting or causing a sewer to be constructed or other work to be carried on in such street, creating a danger to passers-by for which proper safeguards have been negligently omitted. In City of Springfield v. LeClaire, 49 Ill. 476 (478), cited by appellant's counsel,

Foster v. City of Chicago.

the question was, whether there was a duty resting upon the city, growing out of the franchise conferred upon it, to keep its public streets in a safe condition for the passage of travelers and others having occasion to use them;" and the question was properly answered in the affirmative. But the deceased in the case before us was not a passenger or a traveler over the street when injured, and there is no analogy between the case so cited or others of like character referred to by appellant's attorneys, and the circumstances of the case at bar. It is doubtless not in the power of the city to delegate the care of its streets to a contractor and by so doing relieve itself of the responsibility for their safety and convenience. If the deceased had been injured while using a street as a passer-by thereon, in consequence of this sewer excavation not having been properly protected or supported, the city could not have relieved itself of liability for its own negligence in those respects because the contractor had failed to do his duty. In the case of City v. Joney, 60 Ill. 383, cited in behalf of appellant, it was found by the court that there " was dependence—subservience in the contractors, and for their negligence the doctrine of *respondeat superior* must apply." In City v. Dermody, 61 Ill. 431, it was found that by the statute then in force, as well as by ordinance, the board of public works was required to take charge of the work, and it was their duty to see that it was performed according to the plans and specifications, the deviation from which caused the injury complained of, and the same doctrine was applicable. Neither of these cases are in point in the present discussion.

It is urged that it was for the jury to determine as a question of fact whether, under the contract, the city was responsible for the contractor's negligence. The construction of the contract is for the court, and if the city is found, as it was by the trial court, not to be so responsible, the contractor was not to be regarded as its agent, and evidence concerning his negligence was not material against the city.

We find no error in the judgment of the Circuit Court and it must be affirmed.