SALMI *v.* NEW ERA LIFE ASSOCIATION.

1. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR—INSURANCE AGENT.

Evidence in proceeding by insurance agent against insurance company to collect workmen's compensation for accidental injury received while *en route* to assist subagent *held*, to justify finding of department of labor and industry that plaintiff was an independent contractor and not an employee; hence not entitled to compensation.

2. SAME—CERTIORARI—FINDING BY DEPARTMENT.

Determination of department of labor and industry on question of fact is binding upon Supreme Court reviewing matter by appeal in the nature of certiorari.

3. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—SUPERVISION—CONTRACTS.

Difference between an independent contractor and a mere servant is not determined by retention of a certain kind or degree of supervision by employer but by the contract as a whole.

4. WORKMEN'S COMPENSATION—DEPARTMENT OF LABOR AND INDUSTRY—INFERENCES.

Department of labor and industry may draw inferences from the facts and circumstances in determining whether relation of employer and employee or that of independent contractor existed.

Appeal from Department of Labor and Industry. Submitted April 14, 1936. (Docket No. 83, Calendar No. 38,608.)   Decided June 16, 1936.

Jennie R. Salmi presented her claim for compensation against New Era Life Association, employer, and Maryland Casualty Company, insurer, for personal injuries alleged to have been received while in its employ. Award to defendants. Plaintiff appeals. Affirmed.

*George C. Quinnell,* for plaintiff.

*Mason, Davidson & Mansfield,* for defendants.

North, C. J.   Plaintiff, Jennie Salmi, alleging that she was an employee of the defendant New Era Life Association and that she sustained an accidental injury arising out of and in the course of the alleged employment, petitioned for compensation.   An award of compensation was made by the deputy; but upon review by the full department compensation was denied on the ground that plaintiff was not an employee but instead "was an independent contractor."   Plaintiff has appealed in the nature of certiorari.

Plaintiff and her husband, Reino Salmi, were and are in the business of conducting an insurance agency in Marquette, Michigan.   They write insurance other than that of the defendant New Era Life Association, and keep other persons in their employ in their general insurance business.   In 1930 this insurance agency entered into a written contract with the defendant company.   It was therein provided:

"First party (defendant) hereby appoints second party (Salmi & Salmi) its agent to solicit applications for life insurance and/or health and accident insurance, either personally, or through subagents as hereinafter provided, to collect, receipt for and remit first year premiums and such renewal premiums as the first party may authorize. * * *

"Second party shall have the right to employ subagents and solicitors, with the consent of the first party, in such territory and under such terms and conditions as set forth in section 4. * * *

"Such subagents, representatives, and solicitors shall report to and through second party.   First party will not place other agents or solicitors in territories and localities where second party is already represented by subagents or solicitors. * * *

"Second party and his subagents shall have the right to solicit for other lines of insurance, except life and/or health and accident insurance in such companies as he now represents. \* \* \*

"Second party shall receive in full payment for such services as are herein mentioned, and for all expenses incurred thereby, commissions on first year and renewal premiums as set forth in the following schedule. \* \* \*

"In case of death of either Reino Salmi or J. R. Salmi, all rights and privileges of second party herein shall accrue to the survivor. \* \* \*

"This agreement shall take effect on the 1st day of November, 1930, \* \* \* and no amendment or modification to or of this agreement shall be binding unless in writing hereon, or attached hereto, duly accepted by second party and approved by one of the general officers of first party."

Plaintiff testified: "But we have additional agreements besides this" (referring to the above quoted contract). It is plaintiff's claim that in addition to the written agreement with the defendant company there was a supplemental oral employment of plaintiff and that it was while rendering services as an employee under the oral agreement that she sustained the accidental injury in consequence of which she seeks compensation. We quote from appellant's brief her claim as to the alleged oral contract:

"For example, under the oral agreement, it was her duty to instruct other agents of the company, she had to make out daily, weekly and monthly reports, adjust difficulties with policy holders, had charge of collections, and had a drawing account. The drawing account was paid absolutely whether or not the commissions were equal to it. All collections made were remitted to the home office and she was paid from the home office by check. All of these things are entirely outside of the written agreement."

The record does not fully sustain plaintiff's claim. It is clear some of the duties enumerated above were within the terms of the written contract either expressly or by necessary implication. This is largely, if not wholly, so as to the authority over and responsibility for the subagents of Salmi & Salmi. It may be true, as appellant asserts, that because of a new oral agreement for a $50 weekly drawing account the Salmi agency undertook some additional duties, such as adjusting difficulties with policy holders, making additional reports, etc. But we think at the time of plaintiff's injury she was engaged in a phase of the general agency work contemplated by the written contract.

Plaintiff's injury was sustained August 1, 1934. Her testimony is that sometime prior to this date she was directed by the general manager of the defendant company to go to Munising and aid one Tunteri in his work, and also "assist him in making up the monthly report, reconciliation sheets, and so on;" and that while driving an automobile on her way to Munising she sustained her injury. It fairly appears from the record that Tunteri was a subagent of Salmi & Salmi. He began this work about the preceding June 1st. There is testimony from which it may fairly be inferred that plaintiff's trip to Munising, while suggested and possibly directed by defendant's general manager, was in furtherance of the interests of Salmi & Salmi and their subagent Tunteri. If so the particular activity of plaintiff at the time may well be held to have been within the scope of the written contract; rather than within the alleged supplemental oral contract under which plaintiff claims she was defendant's employee.

The testimony in this record consists only of that offered by plaintiff. In a sense the testimony thus

offered is undisputed. But notwithstanding this it is of such a character that on the controlling question support can be found in the testimony either for plaintiff's contention that she was an employee or for defendant's contention that she was an independent contractor. It is quite persuasive that the original contract with defendant company was entered into with the insurance agency doing business as "Salmi & Salmi" rather than with plaintiff as an individual. This contract was signed both by plaintiff and her husband. It is also worthy of note that throughout her testimony plaintiff, in speaking of the relationship with the defendant company repeatedly uses the word "we." In testifying concerning this same subagent Tunteri whom she was on her way to instruct at the time of her accident, plaintiff said: "*We* were to come here to work with him and put him out to sell life insurance." Also, "*We* got $50 a month for taking care of outside grievance work." "*We* send all the money in full to the home office. *We* don't deduct any commissions at all and they draw the check on it. *We* deposit every nickel we collect with the First National Bank." The foregoing, together with other testimony in the record, tends rather strongly to indicate that plaintiff at all times was operating as a member of the insurance agency of Salmi & Salmi; that the relationship with the defendant company was merely the employment of the Salmi & Salmi agency to represent defendant as a general agency in a specified territory; that the defendant company did not direct and did not have the power to direct the details of the Salmi agency in carrying on its insurance business; but instead that defendant was only interested in the production of a certain volume of business in the territory wherein the Salmi agency

operated; and finally that plaintiff was acting as an independent agent, rather than an employee at the time she was injured. We are mindful that plaintiff testified, and without contradiction, that on the particular occasion she was driving to Munising for the purpose of doing a particular thing which she had been specifically directed or at least requested to do by the general manager of the defendant company. Notwithstanding such testimony, we still find under this record that a question of fact was presented for the determination of the department of labor and industry as to whether plaintiff at the particular time and place was acting in the capacity of an employee or that of an independent contractor or representative of defendant company. Under such a record on review by certiorari the determination of the department of labor and industry is binding upon this court.

"The difference between an independent contractor and a mere servant is not determined solely by the retention of a certain kind or degree of supervision by the employer. It is to be determined by the contract as a whole, by its spirit and essence, and not by the phraseology of a single sentence or paragraph." *Foster* v. *City of Chicago* (syllabus), 96 Ill. App. 4.

"Department of labor and industry may draw inferences from the facts and circumstances in determining whether relation of employer and employee or that of independent contractor existed." *Glenn* v. *McDonald Dairy Co.* (syllabus), 270 Mich. 346.

The order of the department of labor and industry is affirmed, with costs to appellee.

Wiest, Butzel, Bushnell, Edward M. Sharpe, and Toy, JJ., concurred. Fead, J., did not sit. Potter, J., took no part in this decision.