Irene L. Bell, Petitioner, *v.* Commissioner of Internal
Revenue, Respondent.

Docket No. 17093.   Promulgated September 20, 1949.

*Malcolm A. Brenner, Jr., Esq.,* for the petitioner.
*N. A. Townsend, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: Respondent contends first that the petitioner has failed to establish her business loss for 1945 because she has produced no original documents showing receipts and disbursements by which the business loss may be established and also because she has failed to furnish an inventory of her restaurant supplies at the beginning and the end of the taxable year.

Petitioner herein was unable to produce at the trial the papers showing the separate items of receipts and disbursements which made up her six weeks operation of the cafeteria. She was also unable to introduce the statement of the individual items which made up her inventory. However, from the testimony, her auditor was a man of considerable experience, and the cash journal, together with the ledger sheets which he kept from the original evidence of the business transactions, were in evidence. From the initial entries in the cash journal pertaining to inventories of furniture and equipment and merchandise on hand, it appears that this auditor computed both of these items to have remained constant at the end of the six weeks period, with the exception of depreciation of $98.59 on the furniture and equipment. The petitioner herself, who operated the cafeteria, testified that she purchased supplies for the cafeteria as they were exhausted, but she was unable to give any further details of her purchases. She was a woman somewhat advanced in years, with an obvious limitation on her business experience, but she exhibited an apparent attempt to give a truthful narration of her operations.

From the above it is our conclusion that the petitioner has established sufficient facts pertaining to the inventory at the beginning and the end of the period November 15 to December 31, 1945, and pertaining to a depreciation allowance to substantiate her contentions as to inventory at the beginning and the end of the taxable period.

As to the amount of depreciation allowance, the petitioner was unable to give any testimony except that her auditor fixed the depreciation based upon a 10 per cent depreciation for each year of the useful life of the furniture and equipment. There was no testimony in the record as to the prospective useful life of the furniture and equipment. All that the record shows is that the furniture and equipment which had been used in a cafeteria business for an undetermined time cost petitioner $7,887.56. We also know that during the month and a half of restaurant operation the furniture and equipment were used by customers in their purchase of food of the value of $3,828.36.

It is our conclusion that complete refusal to allow any depreciation on the furniture and equipment under the undisputed facts in this

case is not realistic. It is a matter of common knowledge, to which courts must give recognition, that furniture and equipment used in restaurants do suffer wear and tear, and in the present case, if evidence had been introduced by the taxpayer, in all probability a useful life of ten years for furniture and equipment so used could easily have been established. However, such evidence was not introduced and, "bearing heavily" against the taxpayer in this case, with the knowledge that some depreciation did occur, it is our conclusion that the amount of the depreciation should be fixed at $65.73. *Cohan* v. *Commissioner*, 38 Fed. (2d) 540.

The Commissioner also objects to the claimed deduction of $96 for insurance. The record discloses the fact that the insurance policy was purchased by petitioner from Fox on November 15, 1945, and it covered the unexpired term which terminated on August 7, 1946.

Under *Kauai Terminal, Ltd.*, 36 B. T. A. 893, payments made for insurance under the conditions involved herein are a deductible expense in the calendar year when made. See also *George S. Jephson*, 37 B. T. A. 1117.

The petitioner claimed deductions from income on the additional items of tax and license, $15; and, repairs, $59.35. No testimony was offered as to the period covered by the expenditure for taxes and license, or as to the nature of the repairs as distinguished from capital improvements. Therefore, because of failure of proof, we find that there is no error in the respondent's refusal to allow these deductions.

From a consideration of all the testimony and evidence, it is our conclusion that, with the exception of the above items on which there was no proof offered, the petitioner herein has overcome the presumption of correctness of the Commissioner's determination and that the petitioner is entitled to a business operating loss in the amount of $245.51.

The question as to the allowance of $270 for "Auto maintenance and supplies" involves a discussion of the nature of the exclusions from gross income authorized by section 22 (n) of the Internal Revenue Code in order to arrive at petitioner's adjusted gross income.

Adjusted gross income is defined in section 22 (n) of the code as follows:

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals,

and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer; * * *

The respondent in his determination of deficiency disallowed petitioner's deduction for "Auto maintenance and supplies" in the following words:

The deduction of $270.00 claimed for auto maintenance and supplies has been disallowed for the reason that you elected to compute your tax from the tax table. These deductions are allowable only when the tax computation on page 3 of your return is used.

Petitioner filed her return under the provisions of section 400 of the code, which provide that a taxpayer who has an adjusted gross income of less than $5,000 may compute his income tax from the tables attached to the income tax return instead of computing his tax under sections 11 and 12 of the code, as is required of those having an adjusted gross income in excess of $5,000. The respondent contends that, since the petitioner, in selling insurance, was an employee, she could not claim any deductions under 22 (n) (1); that, since her travel was all in the city proper and suburbs of Atlanta wherein she lived and wherein her business was conducted, she could not claim any deduction under 22 (n) (2); and, finally, that, since she paid her own expenses and received no promise of remuneration therefor, she could claim no deduction under 22 (n) (3).

The petitioner's brief devotes itself completely to the contention that the $270 automobile expenses should be allowed as traveling expenses. We are unable to support this contention. Reliance is made upon the case of *Kenneth Waters*, 12 T. C. 414. In that case, however, the taxpayer was called upon by his employer to make a trip each Sunday to a town 36 miles distant from his home town for the sake of reporting concerning the operations of one of a chain of grocery stores. This trip was not within the ordinary scope of the taxpayer's business, but was occasioned by the shortage of personnel during the war. The trip was made on Sunday without the taxpayer being away from home over night, but this Court permitted the taxpayer to deduct the expense of operating his automobile as travel expense while away from home, regardless of the fact that the Commissioner's regulations required such deductions to be made only when the taxpayer was away from home over night. The distinction between the facts in the *Waters* case and those in the case at bar are obvious.

However, after considering all of the facts in this case, it is our conclusion that the petitioner is entitled to a deduction under 22 (n) (1) of the code. Although petitioner, during the trial, referred to herself in one place as working for the Family Fund Burial Insurance Co. and in another place on cross-examination stated that she was employed by this burial company, we are convinced from her description of the manner in which she worked whereby she had no supervision, paid her own expenses, and called upon the insurance company only for the purpose of reporting her work, she was not in fact such an employee as is contemplated by section 22 (n) (1). Her activities were those of an independent contractor or salesman operating her own business, not those of an employee under the direction and control of an employer. *Atlas Life Ins. Co. of Tulsa* v. *Foraker,* 165 Pac. (2d) 323; *Reiling* v. *Missouri Ins. Co.,* 153 S. W. (2d) 79; and *Salmi* v. *New Era Life Assn.,* 267 N. W. 880.

The petitioner testified that she used the automobile in her business of selling insurance because she increased the number of prospective purchasers very greatly thereby and increased her efficiency. She used the automobile in her business of operating the restaurant because during the year of 1945 it was difficult, if not impossible, to get delivery of meat and other supplies for the restaurant and she had to drive from her restaurant to the market constantly to procure supplies for the restaurant.

In view of the nature of her work and her business, the estimated mileage of 5,400 miles in one year in our opinion may not be unreasonable and the cost thereof of 5 cents per mile in city traffic, with the frequent stops involved in the nature of her work, may also be entirely reasonable in amount. However, while she testified that she thought the auditor's estimate of her mileage was too low, she kept no accounts of mileage or cost of maintenance. We are therefore "bearing heavily" against her estimate and we find her automobile operating cost deduction to be $180.

It is therefore our conclusion that a deduction of $180 for automobile operating expense from petitioner's gross income in order to establish her adjusted gross income for the purpose of filing her income tax return under section 400 of the code is proper and that the Commissioner erred to the extent of refusing to allow that amount.

Reviewed by the Court.

*Decision will be entered under Rule 50*