RAYMOND E. KERSHNER AND LUCILE D. KERSHNER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20321. Promulgated February 6, 1950.

*Raymond E. Kershner, pro se.*
*Paul E. Waring, Esq.,* for the respondent.

OPINION.

TURNER, *Judge*: Supplement T, section 400, of the Internal Revenue Code, as amended by section 5 (a) of the Individual Income Tax Act of 1944, provides that, in lieu of the tax imposed by sections 11 and 12, taxpayers whose adjusted gross income is less than $5,000 may elect to be taxed on their net income in accordance with provisions of that supplement.

Section 22 (n) of the code defines "adjusted gross income" as used in chapter 1 to mean the gross income minus:

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.— The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;

*     *     *     *     *     *     *

Section 23 provides in part as follows:

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reason-

able allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

\*     \*     \*     \*     \*     \*     \*

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

Taking the position that during 1945 his employment with Metropolitan was that of an independent contractor, the petitioner contends that the deductions taken by him are allowable under the provisions of section 23 (a) (1) and (2), and that the provisions of section 22 (n) have no application here. The respondent contends that the petitioner was an employee of Metropolitan and that, since the petitioners elected to be taxed on their adjusted gross income, they are bound by their election, and that accordingly in computing adjusted gross income they are entitled, if substantiated, only to the deductions provided for in section 22 (n) (2).

In *A. P. Dowell, Jr.*, 13 T. C. 845, we were called upon to distinguish between the relationship of employee and that of independent contractor. There we said:

\* \* \* Such a relationship [employee] exists where the employer retains the right to direct the manner in which the business is to be done, as well as the result to be accomplished. *Singer Manufacturing Co.* v. *Rahn*, 132 U. S. 518, 523. An "independent contractor" is most frequently defined as one who contracts to do certain work according to his own methods and without being subject to the control of his employer, except as to the product or result of his work. 27 Am. Jur., Independent Contractor, § 2, p. 481.

The petitioner herein worked under the supervision of, reported to, and at all times was responsible to Biggs, whom Metropolitan had placed in charge of its Martinsburg office. In the performance of his work petitioner was required to observe all the currently existing rules and regulations of Metropolitan relating to such agents as the petitioner. On the showing made it is apparent that the petitioner performed his work under the supervision and control of his employer and, therefore, was an employee and not an independent contractor. The situation here is unlike that in *Irene L. Bell*, 13 T. C. 344, in which it was held that she was an independent contractor. There the taxpayer performed her work without supervision or control and called upon the company only for the purpose of reporting the results of her work. Numerous cases have been decided in which the status of an insurance agent has been decided or dealt with to some extent. Most of such cases which have been called to our attention have been personal injury cases, where some person injured in an automobile acci-

dent with the insurance agent has sought to hold the insurance company liable. The conclusions reached have been based on the facts in each particular case, and in most, if not all, of them there has also been present the question whether, even though it be held that the status of the agent was that of employee, the company at the instant of the act or neglect had the right and power to direct and control the said employee in the performance of the act in which he was then engaged. The results have been varied. *Vert* v. *Metropolitan Life Insurance Co.*, 117 S. W. (2d) 252; *Atlas Life Insurance Co.* v. *Foraker*, 165 Pac. (2d) 323; *Reiling* v. *Missouri Insurance Co.*, 153 S. W. (2d) 79; *Dillon* v. *Prudential Insurance Co.*, 75 Cal. App. 266; 242 Pac. 736; *Burdo* v. *Metropolitan Life Insurance Co.*, 4 N. Y. S. (2d) 819; and *Miller* v. *Metropolitan Life Insurance Co.*, 134 Ohio St. 289; 16 N. E. (2d) 447; *Amstutz* v. *Prudential Insurance Co.*, 136 Ohio St. 404; 26 N. E. (2d) 454; and *Salmi* v. *New Era Life Association*, 267 N. W. 880.

In the *Metropolitan Life Insurance Co.* and *Prudential Insurance Co.* cases, *supra*, it would seem that the employment has been more closely under the control of the company and the results have been in the direction of an employer-employee relationship. In any event it is our opinion that the evidence in the instant case requires that conclusion here.

Since the petitioners elected to be taxed for 1945 under section 400 of the code, their election is irrevocable. Sec. 23 (aa) (3) (C), I. R. C. Cf. *Henry C. Warren*, 13 T. C. 205. Accordingly they are limited as to deductions to the standard deduction to which section 400 gives effect and those items which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income. Under section 22 (n) (1) no allowance can be made for the expenses here claimed, since the services rendered by petitioner were rendered in the capacity of an employee, and, further, there is no showing of any "reimbursement or other expense allowance arrangement" to which section 22 (n) (3) would apply. The only question remaining is whether certain of the items claimed fall within the provisions of section 22 (n) (2), which provides for the subtraction from gross income of amounts allowed as deductions by section 23 for expenses of travel, meals, and lodging while away from home paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

For the purposes of the statute, a taxpayer's home means his place of business, employment, or post or station at which he is employed. *Commissioner* v. *Flowers*, 326 U. S. 465; *Moses Mitnick*, 13 T. C. 1; *Walter M. Priddy*, 43 B. T. A. 18; *Mort L. Bixler*, 5 B. T. A. 1181. The petitioner's residence, as well as his principal employment, was within the city limits of Martinsburg, and for present purposes that city is to be regarded as his home. While he testified to making oc-

casional trips into the surrounding country, he was unable to state the frequency of them or to relate any of them to the taxable year. So far as disclosed, all of the deductions taken for expenditures in connection with the use of his automobile related to his work within Martinsburg and consequently were not an expense of travel while away from home. Respecting deductions for meals in Atlantic City and Baltimore and for meals and lodging in Hagerstown we are unable to determine from the evidence whether such expenditures were incurred by petitioner in the course of the performance of his duties as an employee of Metropolitan. So far as shown, they may have been incurred chiefly or wholly for social purposes. In the situation presented, we are unable to conclude that any of the deductions taken by petitioner for expenses of travel, meals, and lodging fall within the provisions of section 22 (n) (2).

*Decision will be entered for the respondent.*