John A. Moore v. Commissioner.
Moore v. Commissioner
Docket No. 26726.
United States Tax Court
1951 Tax Ct. Memo LEXIS 135; 10 T.C.M. (CCH) 777; T.C.M. (RIA) 51238; August 20, 1951
Harry W. Miller, Esq., for the petitioner. Albert J. O'Connor, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income tax of $86 for 1947 is in controversy. The question is whether petitioner, having elected to take the standard deduction, may reduce gross income by the amount of expenses said to have been incurred by him in connection with his occupation as a salesman. Some of the facts have been stipulated. Findings of Fact The stipulated facts are hereby found. Petitioner resides in Pittsburgh, Pennsylvania, and filed his individual income tax return for 1947 with the collector for the twenty-third district of Pennsylvania. During the year in question petitioner performed personal services as a salesman on behalf of the Danforth Company of Pittsburgh and *136 the Collegiate Cap & Gown Company of Champaign, Illinois. Petitioner was required to travel by private automobile in connection with the performance of such services, and was not reimbursed for his expenses. His compensation was solely on a commission basis. The Danforth Company's Home Insulation Division had a group of salesmen ranging from three or four to thirteen in number, of which petitioner was one. They were required to attend weekly sales meetings, and to keep in touch with the office in person or by telephone so that they might be given inquiries or sales leads to follow up, but were not otherwise directed in the performance of their work. Petitioner was not required to keep regular business hours nor to spend full time working for the Danforth Company. Petitioner did not perform or supervise any of the work for which he received orders. He spent about 20 per cent of his time acting as salesman for the Collegiate Cap & Gown Company. All his contacts with that company were by correspondence. The following sums were spent by petitioner in connection with the automobile which he used in his occupation: Gasoline, $189.16; oil, $20; Tires and repairs, $125.39; insurance, *137 $39.20; license, $10. The car was also used by petitioner for his personal purposes. Of the total of $383.75 automobile expenses two-thirds was for business purposes. In addition, petitioner spent $88.58 for telephone, postage, and similar items, all of which was business expense. Petitioner's relationship to the two companies mentioned was that of independent salesman or contractor, and not that of employee. Opinion Whether a taxpayer's expenses were incurred "in connection with the performance by him of services as an employee" under section 22 (n) (2), Internal Revenue Code, [1] so as to prohibit their deduction in arriving at "adjusted gross income" is a question to be determined upon the particular facts of each case. Raymond E. Kershner, 14 T.C. 168. We have concluded that the present circumstances bring this proceeding within the rule of Irene L. Bell, 13 T.C. 344, rather than that of the Kershner case, and have made the ultimate finding accordingly. *138 The extent of control and supervision, which is the usual test in determining whether the relationship of employee exists, see A. P. Dowell, Jr., 13 T.C. 845 [GOVERNMENT CONTRACTS,], was, if anything, greater in the Bell case than here, since Bell was required to make and report collections; while none of the restrictive aspects of the Kershner facts appear from this record. But since we have somewhat reduced the amount of allowable expense in following Cohan v. Commissioner (C.A. 2), 39 Fed. (2d) 540. Decision will be entered under Rule 50. Footnotes
1. "SEC. 22. * * * "(n) * * * "(2) Expenses of travel and lodging in connection with employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;"↩