OPINION. OppeR, Judge: Respondent having now withdrawn the contention he raised by his answer that an irrevocable election had been made by petitioner to avail himself only of the standard deduction, there is no longer any question of petitioner’s right to deduct the actual expenses incurred by him. These have been stipulated to be not less than $892.17. The basic issue is whether that amount may be deducted in arriving at adjusted gross income under section 22 (n), thereby granting this to petitioner in addition to the optional standard $500 deduction provided by section 23 (aa). To a minor extent the correct amount of the deduction is also in issue. We find it unnecessary to determine whether petitioner was in fact an independent contractor or an employee. It is stipulated that the $892.17 was for traveling expenses exclusive of meals. Section 22 (n) (1) covers all expenses of an independent contractor who is not an employee.[1] Irene B. Bell, 13 T. C. 344. Section 22 (n) (2) covers the traveling expenses of an employee.[2] It hence seems beyond dispute that whether or not petitioner was an employee, he was unquestionably entitled to reduce his gross income by the amount of the stipulated traveling expenses, without interfering with the deductions otherwise permitted by section 23. Kenneth Waters, 12 T. C. 414. The remaining problem involves a total of something less than $200 of claimed expenditures either disallowed originally by the deficiency notice or constituting an increased claim in the petition. As to none of these are we satisfied that petitioner has sustained his burden. The items consisting of $29.60 and $69.52 are claimed as increased expenses of travel. The stipulated travel expenses are not itemized and there is no testimony that the two figures mentioned are not included in the stipulated amount. These must accordingly be disallowed. There is no testimony as to an item of $10 claimed as “miscellaneous” expenditures. With regard to the claimed deduction for meals, $12.67 was asserted to be the amount expended by petitioner for his own meals. These are not allowable unless part of his traveling expenses, and there is no proof that they were such. Finally, an item of $43.55, included in the claimed deduction for meals and stated to be for the entertainment of customers, was not otherwise identified. Petitioner testified on direct examination in answer to the question: “Did you engage in any outside business activities? A. I believe I did to a degree.” There is no specific statement that the entertainment expenses were not incurred in these connections, and we lack sufficient information about them to be satisfied that they are deductible under any subsection of section 22 (n). We conclude that the stipulated item of traveling expense is deductible in arriving at petitioner’s adjusted gross income, and that he is entitled, in addition, to the optional standard deduction under section 23; but that the additional amounts claimed must be disallowed. Decision will be entered wider Bule 50. SEC. 22. * * * (n) Definition of “Adjusted Gross Income.” — As used in this chapter the term “adjusted gross income” means the gross income minus— (1) Trade and business deduction. — The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; (2) Expenses of travel and lodging in connection with employment. — The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;