Bert A. Lewis v. Commissioner.
Lewis v. Commissioner
Docket No. 30249.
United States Tax Court
1952 Tax Ct. Memo LEXIS 295; 11 T.C.M. (CCH) 225; T.C.M. (RIA) 52064; March 11, 1952
*295 Petitioner elected to compute his tax upon the basis of adjusted gross income and the use of the table in Supplement T, section 400, Internal Revenue Code. Respondent's action in disallowance of deductions taken by petitioner in computing adjusted gross income and which are not allowable under section 22 (n), Internal Revenue Code, is approved. Malcolm E. Rosser, Esq., for the petitioner. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: The respondent has determined an income tax deficiency against petitioner for the year 1947 in the sum of $34. Petitioner's return for the taxable year was filed with the collector of internal revenue for the district of Oklahoma. The proceeding was heard at Muskogee, Oklahoma, on May 11, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner filed his report setting forth his findings of fact to which no exception has been taken by either of the parties. Upon examination, *296 we approve and hereby adopt such findings and include them herein as our findings of fact. [The Facts] The petitioner is a resident of Muskogee, Oklahoma. On his return for 1947 he reported gross income of $2,630.97, and computed an adjusted gross income of $2,435.37 by the deduction from gross income of items totaling $195.60 and representing cost of meals taken by him at the Veterans' Hospital in Muskogee in which he was employed, work uniforms, union dues, accountant's fees and telephone expense. Petitioner elected to determine his income tax liability on the tax table of Supplement T, section 400, Internal Revenue Code. Respondent, in determining the deficiency, disallowed all of the deductions claimed by petitioner as not allowable in computing adjusted gross income. [Opinion] Petitioner's election to determine his tax liability under Supplement T, which automatically grants him the standard deduction, is irrevocable. Raymond E. Kershner, 14 T.C. 168. Section 22 (n) defines adjusted gross income and permits the deduction by an employee of only travel expenses while away from home or expenses which, under his contract of employment, *297 are reimbursed by the employer. The petitioner had no such expenses and consequently was not entitled to deduct any of the items set forth on his return in arriving at adjusted gross income. Here the petitioner has taken the standard deduction permitted under Supplement T and, in addition, has attempted to also take the itemized deductions to which he is not entitled in computing income on such basis. Respondent's action in his disallowance of these deductions is correct. Decision will be entered for the respondent.