Hamilton Meisinger v. Commissioner.
Meisinger v. Commissioner
Docket No. 31691.
United States Tax Court
1952 Tax Ct. Memo LEXIS 183; 11 T.C.M. (CCH) 584; T.C.M. (RIA) 52178; June 12, 1952
Hamilton Meisinger, pro se. Melvin A. Bruck, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined that the petitioner was an employee during 1947, and that, therefore, under section 22 (n) (1) of the Internal Revenue Code he was not entitled to adjust his gross income by subtracting therefrom the expenses which he paid for an automobile which he used in selling equipment. Disallowance of a claimed adjustment to reduce gross income by the amount of $589.50 gives rise to a deficiency in income tax for *184 1947 in the amount of $100. The question to be decided is whether the petitioner was an independent contractor, rather than an employee, so as to be entitled to reduce gross income by business expense under section 22 (n) (1). Findings of Fact The petitioner resided in Kansas City, Missouri, during 1947, and he filed his return with the collector for the sixth district of Missouri. The Bass Office Equipment Company is a distributor of the Soundscriber, a dictating machine which is manufactured by The Soundscriber Corporation of New Haven, Connecticut. The Bass Company has its office in St. Louis, Missouri. It maintains a distributing office in Kansas City, Missouri, of which a manager is in charge. During 1946, the petitioner received an offer from the Bass Company of a sales territory for the sale of the Soundscriber machine and of equipment and supplies for the machine. There was a sales area which consisted of the greater Kansas City area. The Bass Company offered the petitioner one-half of the greater Kansas City area for his territory for selling the Soundscriber and getting new purchasers. The offer was made in a letter which set forth very general terms, and in which *185 the Bass Company retained certain "house accounts" which had been developed. The petitioner accepted the offer in 1946, and sold the Soundscriber and its equipment and supplies during 1947 in the sales territory which was allocated to him. The petitioner had been engaged in selling dictating machines before the Bass Company approached him, and he was an experienced salesman. However, the Bass Company required that he take a two weeks training course, before taking over the sales territory, which they offered to acquaint him with their methods of making contacts, presenting the Soundscriber, and of selling. The petitioner was paid a salary of $50 per week during the two weeks in 1946, when he took the Bass Company's training course. Thereafter, he did not receive any salary from the Bass Company during 1946 or 1947. The petitioner worked his sales territory during 1947 without supervision, control, or direction by the Bass Company. He developed his own contacts. His hours of work were not prescribed by the Bass Company. Although he devoted all of his time to sales promotions and to selling the Soundscriber, he exercised control over his hours and methods of work. After he had made *186 sales, he forwarded the orders to the St. Louis office of the Bass Company, and the purchasers received bills directly from the Bass Company and made payments directly to the company. The petitioner made reports of his sales and sales activities to the Kansas City office of Bass Company, and he discussed problems, and progress with the manager of the Kansas City office, who also had a sales territory which was the other half of the greater Kansas City area. The petitioner worked solely on a commission basis. He received 15 percent of payments made on the orders which he obtained. Since his commissions were dependent upon actual payments, he called on purchasers who became delinquent in payments to get them to make their payments to the Bass Company. The petitioner was given a drawing account, paid weekly, of $60 per week against commissions. Periodically, the Bass Company settled its account with the petitioner making payment to him of the balance of commissions due him above his weekly drawings against commissions. Under arrangement with the Bass Company, the petitioner was to furnish his own automobile and was to pay all of his automobile expenses, for which he was not to be *187 reimbursed by Bass. During 1947, the petitioner used his own automobile in his selling work, and his expenses in connection therewith, which he paid, amounted to $589.50, none of which was reimbursed to him by Bass. The petitioner received commissions on sales during 1947 in the total amount of $3,421.22. The petitioner was an independent salesman and contractor during 1947. Opinion The petitioner's adjusted gross income for 1947 was less than $5,000, and he reported his income under the provisions of Supplement T, section 400, of the Internal Revenue Code, as amended by section 5 (a) of the Individual Income Act of 1944. Section 22 (n) defines "adjusted gross income" to mean, inter alia, (1) gross income minus business deductions allowed by section 23 "which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee." [Italics supplied.] The question to be decided arises under section 22 (n) (1) (part of which has been quoted above), and is whether, for the purposes of that section, the services which the petitioner rendered in 1947 were *188 performed by him "as an employee." The petitioner contends that he was not an "employee," but was an independent contractor, and that, therefore, under section 22 (n) (1) he is entitled to subtract the automobile expense in question, of $589.50 from his gross income. The respondent has determined that the petitioner was an "employee" and that he cannot adjust his gross income as he claims. Upon consideration of all of the facts, we conclude that the petitioner is entitled to the claimed automobile expense deduction under section 22(n) (1) of the Code. The petitioner's activities were those of an independent contractor or salesman, not those of an employee under the direction and control of an employer. See Irene L. Bell, 13 T.C. 344, 350. The petitioner worked independently in the sales territory allocated to him; he did not have lists of prospective buyers given to him by Bass; he developed his own contacts and customers unaided and under his own direction; he reported his sales to the Bass Company and collected from it his commissions. Our conclusion is that the petitioner "was not in fact such an employee as is contemplated by section 22 (n) (1)," Irene L. Bell, supra, p. 350. *189 Cf. A. P. Dowell, Jr., 13 T.C. 845, 849, 850 [CCF [*] 60,796]. The respondent cites Raymond E. Kershner, 14 T.C. 168, as authority which supports his determination, but several facts were present in that proceeding which are not present here, such as the following: Kershner worked under an agent and an assistant superintendent, and was responsible at all times to the manager of an office of Metropolitan Life Insurance Company; he received help from the office manager; he was responsible for the collection of premiums; he received a "weekly salary" based on earned commissions and there was no settling up of commissions earned, as such; he was bound by the rules of Metropolitan; and he "performed his work under the supervision and control of his employer." This proceeding is distinguishable on its facts from the Kershner case, and resembles closely the situation in the Bell case, supra. The respondent's determination is reversed. Decision will be entered for the petitioner.