Henry J. Jackson v. Commissioner.
Jackson v. Commissioner
Docket No. 38873.
United States Tax Court
1953 Tax Ct. Memo LEXIS 284; 12 T.C.M. (CCH) 437; T.C.M. (RIA) 53137; April 22, 1953
*284 Petitioner's ordinary and necessary business expenses for 1948 determined. Petitioner's election to itemize deductions in his 1948 return rather than take the standard deduction held irrevocable. Henry J. Jackson, 203 West 81st Street, New York, N.Y., pro se. George E. Grimball, Jr., Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: The respondent has determined a deficiency of $1,308.58 in the petitioner's income tax liability for the calendar year 1948. The petitioner contests that part of the deficiency resulting from the disallowance of a sum claimed as business expense and asserts as further error the disallowance of the standard deduction under section 23 (aa). The petitioner, a resident of New York City, filed his 1948 income tax return *285 with the collector of internal revenue for the second district of New York. On the third page of his 1948 return (Form # 1040), in a section entitled "Itemized Deductions - For Persons Not Using Tax Table on Page 4 or Standard Deduction on Line 2 Below" - the petitioner itemized the following deductions in computing his net income: Contributions
$1,000.00
Interest
224.46
Taxes
38.05
Business Expenses
3,273.05
Medical and Accident
128.00
$4,663.56
Petitioner's adjusted gross income for 1948 is in excess of $5,000. In his return for 1948, he did not elect the standard deduction allowed in section 23 (aa) [1] of the Internal Revenue Code. *286 The respondent disallowed the deductions claimed for contributions, medical and accident expenses, and business expenses. The petitioner contests the disallowance of the deduction in the amount of $3,273.05 referred to as business expense. In addition, he seeks to take the standard deduction provided for in section 23 (aa) in lieu of the other undisputed deductions for interest and taxes. The petitioner claims that in 1948 he was an independent contractor, not an employee and that, therefore, the $3,273.05 sum claimed as business expense was an ordinary and necessary business expense under section 23 (a) (1) (A)[2] that is deductible from gross income in determining adjusted gross income under section 22 (n) [3]. He then argues that since the standard deduction allowed under section 23 (aa) is in lieu of "all deductions other than those which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income", he should be allowed the standard deduction in addition to the ordinary and necessary business expense deduction in the amount of $3,273.05. *287 The petitioner is a salesman who sells products of several manufacturers to dealers for resale. During the year in question, he sold for three different manufacturers on a commission basis only. He was allowed the use of an office with the firm for which he earned commissions of $10,823.52 out of a total of $12,546.34 for the year 1948. Petitioner's selling activity occurred in and around New York City and adjacent areas in New Jersey. It was never necessary for him to remain away from his home overnight for business reasons. He was under no supervision, had no office hours, paid all of his expenses for which he was not reimbursed, and conducted all his selling activities away from the premises of the firms he represented, except that he was allowed to use the telephone of the firm where he had an office. During 1948, two firms withheld income taxes from his commissions but this action is not binding on the petitioner and, under the circumstances of this case, it is not sufficient evidence to establish that the petitioner was an employee. On the contrary, we think that from the record taken in its entirety it is clear that the petitioner was an independent contractor and not an *288 employee during the year in question. Irene L. Bell, 13 T.C. 344, A. P. Dowell v. Forrestal, 13 T.C. 845. Therefore, his ordinary and necessary business expenses under section 23 (a) (1) (A) are deductible from his gross income in determining his adjusted gross income under section 22 (n). However, the petitioner offered no documentary proof to substantiate the sum claimed as a business expense deduction. He admitted that he kept no records and at the end of the year merely estimated the amount claimed. He has divided this amount as follows: Transportation $1.50 per day for 300
days
$ 450.00
Telephone and Telegraph $1.50 per day
300 days
450.00
Lunches, Dinners, average $7.50
1,750.05
Cigars, Cigarettes, etc.
312.00
Gifts, Theatre Tickets, etc.
311.00
$3,273.05
The evidence offered by the petitioner to support the itemized amounts falls far short of establishing that they are even approximately accurate. For example, the petitioner could not name more than approximately 10 people whom he had taken to lunch and dinner during the year in question. Yet the deduction for this purpose totals $1,750.05. We are, however, convinced *289 that because of the type of selling in which the petitioner was engaged he did incur certain ordinary and necessary business expenses. Under the principle of Cohan v. Commissioner, 39 Fed. (2d) 540, we have made an approximation as best we can on the basis of the evidence before us, bearing heavily against the taxpayer since the inexactitude is of his own making. We have found that the ordinary and necessary business expenses of the petitioner for the taxable year 1948 totaled $1,400. This amount is deductible under section 23 (a) (1) (A) in determining the petitioner's adjusted gross income. We turn now to the issue relating to the standard deduction allowable under section 23 (aa). In his return for 1948, the petitioner did not elect to take the standard deduction but instead elected to itemize various deudctions. He now seeks to revoke that election and claim the standard deduction. However, it is clear from the Code, the respondent's Regulations, and recent decisions by this Court that the election to take the standard deduction must be made in the taxpayer's return and, further, that an election in the return to itemize deductions rather than to take the standard *290 deduction is irrevocable. Section 23 (aa) (3) (A) and (C)[4]; Regulations 111, section 29.23 (aa)-1 as added by T.D. 5425, 1945 C.B. 10, and T.D. 5687, 1949-1 C.B. 9. [5]Henry C. Warren, 13 T.C. 205, cf. Raymond E. Kershner, 14 T.C. 168. Of course, the petitioner will be allowed to deduct the sums claimed for interest and taxes which are not in dispute. He has abandoned his claim for the deduction of contributions and medical expenses. *291 Moreover, the respondent's concession on brief to allow the petitioner at this late date to deduct $1,000, the applicable standard deduction, is subject to qualifications which make it inapplicable in the light of our holding that $1,400 was spent for ordinary and necessary business expenses and is deductible under section 23 (a) (1) (A). Therefore, we conclude that the petitioner may not take the standard deduction in computing his net income for 1948. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (aa) Optional Standard Deduction for Individuals. - (1) Allowance. - In the case of an individual, at his election a standard deduction as follows: (A) Adjusted Gross Income $5,000 or More. - If his adjusted gross income is $5,000 or more, the standard deduction shall be $1,000 or an amount equal to 10 per centum of the adjusted gross income, whichever is the lesser, except that in the case of a separate return by a married individual, the standard deduction shall be $500. * * *
(2) In Lieu of Certain Deductions and Credits. - The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22(n) are to be subtracted from gross income in computing adjusted gross income * * *.↩
2. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *. ↩
3. SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income." - As used in this chapter the term "adjusted gross income" means the gross income minus - (1) Trade and Business Deductions. - The deductions allowed by section 23↩ which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;
4. SEC. 23(aa). * * *
(3) Method and Effect of Election. - (A) If the adjusted gross income shown on the return is $5,000 or more, the standard deduction shall be allowed only if the taxpayer so elects in his return, and the Commissioner, with the approval of the Secretary, shall by regulations prescribe the manner of signifying such election in the return. * * *
(C) If the taxpayer does not signify, in the manner provided by subparagraph (A) or (B), his election to take the standard deduction, it shall not be allowed. If he does so signify, such election shall be irrevocable. ↩
5. Regulations 111, section 29.23(aa)-1: (b) Manner and effect of election to take the standard deduction. - The following rules are prescribed with respect to the manner of signifying an election by a taxpayer to take the standard deduction: (1) A taxpayer whose adjusted gross income as shown by his return is $5,000 or more shall be allowed the standard deduction only if he signifies on his return his election to take such deduction. Such taxpayer shall so signify on his return by claiming thereon the deduction in the amount provided for in section 23(aa) instead of itemizing the deductions allowable under section 23↩ other than those specified in section 22(n). * * * The election so signified shall be irrevocable for the taxable year for which such election is made.