Arthur C. McCluskey and Lucia McCluskey v. Commissioner.
McCluskey v. Commissioner
Docket No. 2007-63.
United States Tax Court
T.C. Memo 1965-13; 1965 Tax Ct. Memo LEXIS 317; 24 T.C.M. (CCH) 54; T.C.M. (RIA) 65013; January 28, 1965
Arthur C. McCluskey *318 and Lucia McCluskey, pro se. Sanford M. Kirshenbaum, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency in petitioners' income tax for 1961 in the amount of $215.47. The issues presented for our decision are (1) whether petitioners are entitled to deduct $1,123.12 for 1961 as an ordinary and necessary business expense resulting from the use of an automobile; (2) whether the amount claimed by petitioners for charitable contributions on their 1961 return in the amount of $435 is properly deductible; (3) whether petitioners are entitled to deduct $55 for state excise tax on liquor for 1961; (4) whether petitioners may deduct $62.50 for state excise tax on cigarettes for 1966; (5) whether petitioners are entitled to claim a deduction in the amount of $95 for state excise tax on gasoline for 1961; and (6) whether petitioners are entitled for that year to deduct $50 for state excise tax on meals. General Findings of Fact A portion of the facts has been stipulated and is hereby found as stipulated. Petitioners Arthur C. and Lucia McCluskey are husband and wife residing in Lowell, Massachusetts. *319 They filed their joint income tax return for 1961 with the director for the district of Massachusetts. Issue 1. Automobile Expense Findings of Fact Petitioner Lucia McCluskey was employed by the Commonwealth of Massachusetts during 1961. She used a Buick automobile in connection with the performance of her work. She was reimbursed by the Commonwealth of Massachusetts in the amount of $845.40 for mileage driven on her car during 1961. The amount of such reimbursement was computed at the rate of 8 cents per mile. The basis of the Buick automobile used by Lucia in connection with her trade or business is $3,570 and it can be depreciated over a 4-year period. On their income tax return for 1961 petitioners claimed a deduction of $1,123.12 for trade or business expenses paid during that year in connection with the use of the Buick automobile by Lucia. In his notice of deficiency the respondent has disallowed the deduction so claimed to the extent of $672.13. The respondent further determined that in the computation of depreciation on the automobile, $900 salvage value must be taken into account. The respondent has thus allowed a deduction of $450.99 for unreimbursed business *320 expenses connected with the use of the Buick automobile by Lucia. The proportion of business use of the Buick automobile by Lucia during 1961 was not more than 60 percent. Opinion The respondent does not question that petitioner Lucia McCluskey used her automobile to some extent in connection with a trade or business during 1961. The issue relates solely to the extent of business use and the amount of automobile expenses. The parties have stipulated that the proper depreciable basis of the Buick automobile used by Lucia in connection with her trade or business during 1961 is $3,570 and that the automobile could be depreciated over a 4-year period. Although petitioners claim that during 1961 Lucia used the Buick automobile 80 percent for business purposes and 20 percent for personal purposes, they have offered no substantiation by way of such evidence as speedometer readings, records, diaries, work schedules, or other proof that the respondent's determination of 60 percent business usage was erroneous. Neither have they offered any proof tending to show that the respondent's determination of salvage value in the amount of $900 with respect to the Buick automobile was incorrect. *321 Petitioners' evidence at best consisted of unsupported oral statements comprised largely of guesswork and estimation. In the absence of more persuasive evidence we must sustain the respondent's determination that petitioners' unreimbursed automobile expenses for 1961 were not in excess of $450.99. Sec. 162(a), I.R.C. 1954; Irene L. Bell, 13 T.C. 344; Emanuel Hollman, 38 T.C. 251. Issue 2. Charitable Contributions Findings of Fact On their 1961 income tax return petitioners claimed a deduction of $435 for charitable contributions. In his notice of deficiency the respondent disallowed the deduction so claimed to the extent of $200. Opinion At the trial petitioner Lucia estimated that she and her husband contributed $8 per week to a church. They offered no substantiation or documentary evidence in support of their estimate. In the absence of clear and convincing evidence to the contrary, we must sustain the respondent's determination that petitioners' charitable contributions did not exceed $235. Sec. 170(a)(1), I.R.C. 1954; cf. Kenneth Lingenfelder, 38 T.C. 44. Issue 3. State Liquor Tax
*322 Findings of Fact On their income tax return for 1961 petitioners claimed a deduction in the amount of $55 for Massachusetts liquor tax paid during that year. In his notice of deficiency the respondent disallowed the deduction claimed by petitioners for state liquor tax to the extent of $39.70, allowing $15.30 as a deduction therefor. Opinion At the trial petitioner Lucia estimated that she and her husband purchased approximately two fifths of liquor per week during 1961. Apart from her self-serving statement which consisted at best of no more than an estimate, the record is devoid of any proof as to the quantity of liquor purchased by petitioners in the Commonwealth of Massachusetts during 1961. In the absence of further evidence of sufficient strength to overturn the respondent's determination, we must sustain his allowance of $15.30 as the amount deductible for Massachusetts excise tax expenditures on liquor during 1961. Sec. 164(c), I.R.C. 1954; see Irene L. Bell, supra.
Issue 4. State Cigarette Tax Findings of Fact On their 1961 return petitioners claimed a deduction of $62.50 as Massachusetts cigarette tax. In his notice *323 of deficiency the respondent disallowed the deductions so claimed by petitioners to the extent of $26, allowing $36.50 as the deduction for that item. During 1961 petitioners spent $50 for Massachusetts cigarette tax. Opinion During 1961 the Massachusetts excise tax on cigarettes was 6 cents per package. Mass. Ann. Laws, ch. 64C, sec. 6 (1964). At the trial, Lucia McCluskey testified that - On the cigarette tax, we submitted $62.50 as the amount to be deducted which would have been two cartons per week, and I know I smoke at least, about a pack a day and that my husband smokes approximately two cartons per week and $62.50 per year. In view of the above testimony we have found as a fact that petitioners spent $50 in state excise taxes on cigarettes during 1961 and we hold that they are entitled to a deduction for such taxes in that amount. Sec. 164(c), I.R.C. 1954; Cohan v. Commissioner, 39 F. 2d 540. Issue 5. State Gasoline Tax Findings of Fact On their 1961 income tax return petitioners claimed a deduction in the amount of $95 for Massachusetts gasoline tax. The respondent in his notice of deficiency disallowed the amount so claimed *324 to the extent of $47, allowing petitioners $48 as a deduction for state gasoline tax. Opinion During 1961 Massachusetts excise tax on gasoline was 5 1/2 cents per gallon. Mass. Ann. Laws, ch. 64E, sec. 4 (1964). The respondent has allowed petitioners a deduction of $48 which is the equivalent of the purchase of 871 gallons of gasoline. At the trial Lucia estimated the mileage driven on the two automobiles owned by petitioners during 1961. She also estimated the gasoline consumption of the Buick. There is nothing in the record substantiating her mileage estimates. Petitioners have not submitted evidence of speedometer readings, gasoline purchases, or other documentation which would indicate the amount of mileage driven for their personal use during the year in issue. In the absence of more persuasive evidence we must leave the parties where we find them and hereby sustain the respondent's determination. Sec. 164(c), I.R.C. 1954; Moses Mitnick, 13 T.C. 1. Issue 6. State Tax on Meals Findings of Fact Petitioners claimed a deduction in the amount of $50 in their 1961 return for the Massachusetts meal tax. In his deficiency notice the *325 respondent disallowed this deduction to the extent of $20, allowing a deduction for such tax in the amount of $30. Opinion The Massachusetts excise tax on meals during 1961 was 5 percent of the amount charged for meals if in excess of $1. Mass. Ann. Laws, ch. 64B, sec. 2 (1964). Petitioners claimed a deduction in the amount of $50 for such tax during 1961 which is equivalent to an expenditure of approximately $1,000 during that year for meals costing more than $1 each. The respondent's allowance of $30 as a deduction for such tax is the equivalent of an expenditure of approximately $600 for such meals. We are unable to accept the unsupported estimate of petitioner Lucia McCluskey as proof sufficient to overcome the presumption of correctness attaching to respondent's determination. In the absence of further substantiation we here sustain the allowance of $30 as a proper deduction for the Massachusetts excise tax on meals during 1961. Sec. 164(c), I.R.C. 1954; Moses Mitnick, supra.
Decision will be entered under Rule 50.