Fannie M. Case Robertson v. Commissioner.
Robertson v. Comm'r
Docket No. 29711. United States Tax Court
1952 Tax Ct. Memo LEXIS 303; 11 T.C.M. (CCH) 204; T.C.M. (RIA) 52059; March 6, 1952
*303 On the facts, held: 1. Petitioner's gross income for 1947 was $1,110, instead of $1,263.12 as reported on her return; 2. Petitioner is not entitled to deduct for one dependent on her return for she has failed to show that she contributed more than one-half of the support of her brother who was in high school in 1947; 3. Petitioner is entitled to deduct $100 in 1947 as contributions to corporations or foundations organized and operated exclusively for religious and charitable purposes during the taxable year; 4. Petitioner is entitled to deduct $55 for sales taxes paid to the State of Tennessee during the taxable year; and 5. Petitioner is not entitled to deduct expenses of $325 claimed on her return for no satisfactory proof of such expenses has been made. It also appears that such expenses, if any, were incurred in coming in daily to her regular place of employment and for lunches while there, and were personal expenses and not deductible as traveling expenses under any provision of section 23 of the Internal Revenue Code. Fannie M. Case Robertson, pro se. Frederick T. Carney, Esq., for the respondent. BLACK Memorandum Findings *304 of Fact and Opinion BLACK, Judge: The Commissioner has determined a deficiency in petitioner's income tax for the year 1947 of $144.99. The issues raised by the petitioner may be enumerated as follows: (1) What is petitioner's gross income for the calendar year 1947. (2) Is petitioner entitled to claim an exemption for a dependent brother, Robert H. Case. (3) Is petitioner entitled to deductions of $150 for contributions made in the taxable year to religious and charitable corporations. (4) Is petitioner entitled to deductions for taxes paid in the year 1947 of $100. (5) Is petitioner entitled to deduct expenses of meals and traveling expenses incurred while working at her job in 1947. Findings of Fact The petitioner, Fannie M. Case Robertson, is an individual residing at Pinson, Tennessee, and has an office at Jackson, Tennessee. The return for the period here involved was filed with the Collector for the District of Tennessee at Nashville. The issues will be taken up separately and decided. Issue 1. Findings of Fact In petitioner's income tax return for 1947 she reported gross income as follows: Compensation received as office clerk
from John F. Hall, Jackson, Tennes-
see
$910.10
Western Electric Company, Chicago,
Illinois
153.12
Notary fees
200.00
*305 The facts developed at the hearing show that petitioner did receive $910 as compensation from John F. Hall, attorney at law, Jackson, Tennessee, and that she did receive $200 as notary fees in 1947. The evidence shows that she did not receive $153.12 from the Western Electric Company of Chicago, Illinois, but that this was compensation received by her brother, Robert H. Case, while working for a short time with Western Electric Company in Chicago. This money was never turned over to petitioner and was in no sense her property. Opinion Under the foregoing facts, it appears that petitioner's gross income for 1947 was $1,110, and no more. The $153.12 item of income designated as having been received from Western Electric Company of Chicago was actually received by her brother and belonged to him. This income was erroneously reported by petitioner and the error was doubtless due to the fact that she claimed her brother, Robert H. Case, as a dependent in 1947. In a recomputation under Rule 50 this $153.12 should be eliminated from petitioner's gross income. Issue 2. Findings of Fact Petitioner and her mother and two brothers lived on a farm near Pinson, Tennessee. The farm was *306 owned by petitioner's mother and neither petitioner nor either of her two brothers paid any room rent to petitioner's mother. Petitioner bought most of the groceries for the family and bought some clothing for her brother, Robert H. Case, as he was a high school student during the taxable year. Robert H. Case earned $153.12 for the year. There is no evidence as to how he spent these earnings. The evidence does not show how much money petitioner spent for groceries for the family nor how much she spent in buying clothing for her brother, Robert. Robert did not testify at the hearing, nor did petitioner's mother testify. Opinion Under the applicable Code provisions in effect for the taxable year 1947, for the purpose of both normal tax and surtax, a $500 exemption is allowed for each dependent. A dependent is a person: (1) whose gross income for the calendar year in which the taxable year of the taxpayer begins is under $500, (2) over half of whose support for that calendar year was received from the taxpayer, and (3) who is related in one of the following relationships "* * * brother or sister, * * *". See section 25 (b) (3) of the Internal Revenue Code. *307 Petitioner's brother did not testify at the hearing, nor did her mother testify. It seems reasonably clear that Robert's income for the year 1947 was less than $500. So far as the record shows the only income which he received in 1947 was $153.12 which he received from Western Electric Company, Chicago, Illinois, while working for that company for a short while. But did petitioner furnish more than one-half of his support for 1947? The evidence on that point is meager and unsatisfactory. There is no reason to believe that the $153.12 which the brother earned in Chicago was not spent in his own behalf. We assume that it was paid to him and that it was spent by him. To that extent, at least, he contributed to his own support. Nothing is shown to the contrary. His mother furnished him shelter in the family home. While it is doubtless true that petitioner contributed to her brother's support in 1947, we are unable to make a finding of fact that she contributed more than one-half to his support. We must, therefore, disallow petitioner's claim for one dependent for lack of sufficient evidence to support it. Issue 3. Findings of Fact On her income tax return petitioner claimed deductions *308 for contributions of $150. She listed "Churches, Red Cross and General Charity, etc." as organizations to which the $150 claimed on her return was paid. Petitioner testified that during the year 1947, she contributed $125 to the First Baptist Church of Jackson, Tennessee, and that she estimates that she contributed $25 to charitable organizations such as the American Red Cross, etc. She exhibited no receipts or other supporting data. From the evidence, we find that during the year 1947 petitioner contributed $100 to corporations or foundations organized exclusively for religious and charitable purposes. Opinion Section 23 (o) of the Internal Revenue Code provides that deductions shall be allowed: (o) * * * In the case of an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: * * *
(2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States or in any possession thereof or under the law of the United States or of any State or Territory or of any possession of the United States, organized and operated exclusively for religious, charitable, scientific, literary, *309 or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. * * *
to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's adjusted gross income. Such contributions or gifts shall be allowable as deductions only if verified under rules and regulations prescribed by the Commissioner, with the approval of the Secretary. In our Findings of Fact we have found that during 1947, petitioner contributed $100 to corporations or foundations organized exclusively for religious and charitable purposes. We have done this under the doctrine of Cohan v. Commissioner, 39 Fed. (2d) 540, notwithstanding the shortcomings of petitioner's evidence. In a recomputation under Rule 50 petitioner should be allowed a deduction of that amount subject, of course, to the 15 per cent limitation imposed by section 23 (o) of the Code. Issue 4. Findings of Fact On her income tax return for 1947, petitioner claimed a deduction for taxes of $100. She described *310 this deduction in her return as "Gen. Fed. & State Tax, Fed. Gas, Amusement, etc." Petitioner testified that in 1947 she purchased a truck and paid $1,250 for it and paid a Tennessee sales tax of two per cent thereon, or $25. She also testified that she purchased equipment for this truck to be used as a paint-spraying machine and paid $1,500 for this equipment and paid a Tennessee sales tax of two per cent thereon, or $30. From this evidence, we find that in 1947 petitioner paid sales taxes to the State of Tennessee of $55. Petitioner gave other vague and uncertain testimony about the payment of taxes but we are unable to make any affirmative finding of fact as to any other taxes paid by petitioner other than the $55 above described. Opinion All retail sales taxes are deductible by the buyer as a tax under Code section 23 (c) (1) if the tax is imposed on the buyer, or, where the tax is on the retailer the buyer may deduct it under section 23 (c) (3) if the tax is separately stated and passed on by the retailer. The petitioner gave positive testimony that in 1947 she paid state sales taxes of $55 in the purchase of an automobile truck and equipment for using the truck as a paint-spraying *311 machine. No other taxes are shown to have been paid in the taxable year by petitioner to any degree of satisfaction. We would be unable to make any affirmative findings as to any other taxes paid. Therefore, in a computation under Rule 50 petitioner should be allowed a deduction of $55 for taxes paid in 1947. Issue 5. Findings of Fact Petitioner, in her income tax return for 1947, claimed a deduction of $325 which she described as "Expenses on job paid by self, meals, taken on job & traveling expenses." The evidence shows that during the year 1947, petitioner was employed in the law office of John F. Hall of Jackson, Tennessee, at $17.50 a week or $910 for the year. She also acted as notary public from which she $200earned in 1947. She lived with her mother out in the country from Jackson, Tennessee, and had to come in each day to her work. The evidence does not show how much she expended for transportation in coming in to her work, nor does it show how much she expended for lunches at the noon hour, but even if it did, the expenses were personal expenses and not deductible. Opinion It is clear that petitioner was an employee during the year 1947 and was employed in the law *312 office of John F. Hall in Jackson, Tennessee. Petitioner did not live in Jackson, but lived out in the country with her mother and had to come in each day to her work. Just how much she expended in coming to and from her work in 1947 is not shown, but even if these expenses had been shown to the extent of $325 as claimed on petitioner's return they would not be deductible. They would come under the classification of commuter's expenses of an employee, and are not deductible. Also whatever petitioner spent out for lunches in 1947 while working in Jackson is not deductible. Such expenses were personal and are not deductible under the statute. See Raymond E. Kershner, 14 T.C. 168, Beatrice H. Albert, 13 T.C. 129, and Chester C. Hand, Sr., 16 T.C. 1410. Petitioner's claimed deduction of $325 for traveling expenses and meals while on the job in 1947 is denied. Decision will be entered under Rule 50.