Albert Eugene Lively and Vera Lively v. Commissioner.
Lively v. Commissioner
Docket No. 30400.
United States Tax Court
1952 Tax Ct. Memo LEXIS 290; 11 T.C.M. (CCH) 238; T.C.M. (RIA) 52072; March 18, 1952
*290 Petitioners filed a joint return and elected to compute the tax thereon upon the basis of adjusted gross income and the tax table of Supplement T, section 400, Internal Revenue Code. In arriving at adjusted gross income they deducted amounts representing cost of work clothing and laundry thereof, union dues and depreciation of tools. Held, that adjusted gross income is required to be computed under section 22 (n), Internal Revenue Code, the only deductions permitted to an employee being cost of travel, meals and lodging while away from home or amounts expended under arrangement for reimbursement thereof by the employer. None of the deductions taken by the petitioners were permitted under the aforesaid section and respondent is sustained in his disallowance thereof. Malcolm E. Rosser, Esq., for the petitioners. W. B. Riley, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: Respondent has determined a deficiency in income tax against the petitioners for the year 1947 in the amount of $86. Petitioners assign as error the disallowance by respondent of deductions for (a) work clothes and laundry, $169, *291 (b) union dues, $140, (c) depreciation of tools, $13.75, (d) rental income, $89.22, and (e) computing the deficiency on the basis of a joint return. The proceeding was heard at Muskogee, Oklahoma, on May 11, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding. Neither of the parties hereto has filed exceptions to those findings. Upon examination, we approve the Commissioner's findings and hereby adopt and include the same herein as our findings of fact. [The Facts] The petitioners are husband and wife and, during the taxable year, residents of Ft. Gibson, Oklahoma. For the taxable year they filed a joint return reporting salary in the sum of $4,329.62 received by petitioner Albert Eugene Lively in his occupation as a steam fitter and welder. From this income they deducted, in arriving at adjusted gross income, a total of $322.75 as representing the cost of work clothing and laundry thereof, union dues and depreciation *292 on tools and equipment. Also deducted was the sum of $44.61, designated as "other income", which item was in fact not a deduction but an item of income and is admitted by petitioners to have been deducted in error. An adjusted gross income of $3,962.26 was arrived at, and the petitioners elected to compute the tax by the use of Supplement T, section 400 of the Internal Revenue Code. By this method an overpayment was computed of $84.20. [Opinion] With respect to the error assigned, that the respondent has determined income on the basis of a joint return, it need only be said that the petitioners filed a joint return capitioned "Albert Eugene and Vera Lively", signed by both and upon which both of the individuals were taken as exemptions. Respondent's action in determining the deficiency on the basis of a joint return is sustained. The petitioners elected to compute their tax liability on the basis of adjusted gross income by the use of the table under Supplement T, section 400, Internal Revenue Code. This election we have held to be irrevocable. Raymond E. Kershner, 14 T.C. 168. Adjusted gross income as computed for *293 the purpose of the aforesaid computation must be made under section 22 (n) of the Code. Under this section no deductions are allowed from gross income by an employee for the purchase of work clothing, for union dues and assessments or depreciation of tools and equipment. The computation is limited to the deduction by an employee of the cost of travel, meals and lodging while away from home or for items of expense incurred by the employee under a system of reimbursement thereof by the employer. Under the facts presented, we must sustain the respondent in his action in disallowing the deductions taken by the petitioners. Decision will be entered for the respondent.