Walter Conner and Grace M. Conner v. Commissioner.
Conner v. Commissioner
Docket No. 54004.
United States Tax Court
T.C. Memo 1956-290; 1956 Tax Ct. Memo LEXIS 9; 15 T.C.M. (CCH) 1504; T.C.M. (RIA) 56290; December 31, 1956
*9 Walter Conner, 6834 Bantry Avenue, Cincinnati, Ohio, for the petitioners. W. Ralph Musgrove, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $235.04 in the petitioners' 1952 income tax. He concedes error in disallowing certain deductions for interest and real estate taxes. There are two issues for decision: (1) whether the petitioners are entitled to a deduction of $106.80 for a loss incurred in breeding, raising, and selling Persian cats, and (2) whether the petitioners are entitled to a deduction of $1,058.80 for travel expenses. Findings of Fact Some of the facts are stipulated. The stipulated facts and the exhibits thereto are incorporated herein by this reference. The petitioners are Walter Conner and Grace M. Conner, husband and wife. Walter filed an individual income tax return for 1952 with the collector of internal revenue at Cincinnati, Ohio. Walter was employed by the United States Government at the U.S. Naval Ammunition Depot in Crane, Indiana, from July 24, 1950 until February 27, 1953, at which time he resigned on account of age and accepted civil service *10 retirement. His type of employment at the Ammunition Depot was classified by the Government as permanent. During the year 1952 Walter rented a room in Bedford, Indiana, at $7 per week. He lived there during the week and commuted to his job in Crane. Every Friday evening he would travel to Cincinnati where he would stay for the weekend with his wife. On Sunday evenings he returned to his room in Bedford. Walter deducted $1,058.80 on his 1952 income tax return for the cost of his travel between Bedford and Cincinnati, and for the cost of his meals and lodging in Crane and Bedford. Grace lived on her late father's farm located in Cincinnati. She was one of three trustees of her father's estate which consisted of a 600-acre farm. As trustee she received no remuneration. During 1952 the petitioners owned four Persian cats, one male and three females. They have been raising cats since 1944 or 1945, but have never realized a profit from it. They sold five kittens during 1952 for $50. On December 23, 1953, Walter revised his 1952 income tax return. Among other things, he reported a loss of $106.80 as a result of breeding, raising, and selling Persian cats. On March 1, 1954, Walter *11 revised his 1952 income tax return for the second time, in order to make it a joint return. The Commissioner disallowed the petitioners' claimed deduction of $1,058.80 for travel, meals, and lodging. He also disallowed their claimed loss deduction of $106.80 for breeding, raising, and selling Persian cats. In computing the deficiency the Commissioner recognized Walter's intention to file a joint return. Ultimate Findings Petitioners were not engaged in the trade or business of breeding, raising, and selling Persian cats during the year 1952. The cost of Walter's meals and lodging in Crane and Bedford, and the cost of his transportation between Bedford and Cincinnati during the year 1952 were personal expenses. Opinion The petitioners contend that during 1952 they were engaged in the business of breeding, raising, and selling Persian cats and therefore their loss of $106.80 incurred in that business is deductible from their gross income. We can not agree with them. The record clearly shows that raising Persian cats was nothing more than a hobby with the petitioners. It is probably true that they hoped to make some money from selling the kittens, but this was only incidental *12 to their primary reason for raising cats, which was to stimulate their personal pleasure. Accordingly, the loss incurred in breeding, raising, and selling Persian cats is a personal expense and not deductible by the petitioners. The second issue in this case involves the propriety of a deduction of $1,058.80 for travel expenses incurred by Walter in 1952. The petitioners contend that Walter's home during 1952 was in Cincinnati and therefore they are entitled to deduct his travel expenses which he paid while carrying on his business as an employee at the U.S. Naval Ammunition Depot in Crane. The petitioners argue that Walter was engaged in two businesses in 1952, one in Crane and the other in Cincinnati, and that they may choose whichever they want as his "tax home". Alternatively, they argue that Walter was only temporarily employed in Crane and that his "tax home" was in Cincinnati where Grace, as a trustee of her father's estate, was required to live. Both arguments are without merit. We held above that the petitioners were not in the business of breeding, raising, and selling Persian cats in 1952 in Cincinnati. Walter had but one occupation during 1952, that of an employee at *13 the U.S. Naval Ammunition Depot in Crane. His employment there was permanent and was so classified by the Government. That Walter intended to remain at the job for only about two and one-half years (until he became eligible for civil service retirement) does not make his employment in Crane "temporary". See James E. Peurifoy, 27 T.C. - (No. 16). Walter's home for the purpose of deducting travel expenses was at Crane, his place of employment. Raymond E. Kershner, 14 T.C. 168 (1950). Accordingly, his expenses of meals and lodging there and his transportation expenses between Crane and Cincinnati are personal expenses and not deductible by the petitioners in computing their gross income. Decision will be entered under Rule 50.