CHESTER C. HAND, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29052. Promulgated June 21, 1951.

*Chester C. Hand, Sr., pro se.*
*Paul Levin, Esq.,* for the respondent.

OPINION.

BLACK, *Judge:* Petitioner has not filed any brief in this proceeding but we have considered his case as carefully as if he had.

Petitioner no longer presses his second assignment of error which in substance was that petitioner is entitled to an additional deduction of $304.50,[1] being the excess of nonbusiness deductions claimed over the optional standard deduction of $500 which the Commissioner has applied in his determination of petitioner's income tax liability. Petitioner at the hearing conceded that he would be unable to produce vouchers and receipts or other evidence in substantiation of the $872 deductions which he took on his return for contributions, interest, taxes, and miscellaneous items. Therefore, he accepted the optional standard deduction of $500 which the Commissioner allowed in his determination of the deficiency. That adjustment is no longer in controversy.

Petitioner at the hearing continued to press his first assignment of error which was:

a. The Commissioner erred in holding that petitioner was not an independent contractor, i. e., not in the practice of a profession, and in the disallowance as a deduction from gross income the amount of $2,221.50 claimed as a deduction by petitioner, in his return, as necessary expenses incurred in the production of a substantial portion of his income and in carrying on a trade or business, for the production or collection of income, and were deductible in accordance with Section 23 of the Internal Revenue Code.

Petitioner claims certain expenditures amounting to $2,221.50 and paid during the taxable year qualify as deductions from gross income under the provisions of section 23 of the Internal Revenue Code. Petitioner has not referred to the subsections of section 23 upon which he bases his contentions for the deductions, but we will consider, nevertheless, each of the appropriate subsections of section 23, namely, 23 (a) (1) (A), 23 (a) (2) and 23 (1). Section 23 (a) (1) (A) reads as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In general.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for

---

[1] In his prayer for relief petitioner apparently conceded that of the $872 claimed as deductions on page three of his return $67.50 representing luxury and excise taxes was improperly claimed.

personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

Section 23 (a) (1) (A) of the Code distinguishes, perhaps arbitrarily, between expenditures incurred by a taxpayer in connection with his trade or business, and expenditures incurred by an employee in connection with his employment. Petitioner contends that he is engaged in a trade or business as a professional man and not as an employee. The term *trade or business* includes the practice of a profession, Treasury Regulations 111, section 29.22 (n)–1 providing "The practice of a profession, not as an employee, is considered the conduct of a trade or business within the meaning of such section." Section 22 (n) (1) of the Code explains the term *trade or business* so as to exclude therefrom an employee:

SEC. 22. GROSS INCOME.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an *employee;* [Emphasis added.]

The determination of whether a taxpayer has a relationship of an employee or an independent contractor is primarily a question of fact, see *Raymond E. Kershner*, 14 T. C. 168, and cases cited therein. As disclosed by our findings of fact, the only receipts reported by petitioner on his income tax return were the salaries received from educational institutions. Petitioner was employed during the taxable year as a school teacher. He taught in the public schools of Chicago and also taught night school at De Paul University in Chicago. He was clearly an employee of these two agencies. We are unable to see where any of the $2,079.50 so-called business deductions which petitioner claimed on his return were properly attributable to any business carried on by petitioner within the meaning of the applicable provisions of the Code. For example, he claimed $675 as rent which he described in Schedule C of his return as "¾ of household in lieu of office rent." Petitioner's testimony as to this claimed deduction was in substance that he rented an apartment in the City of Chicago during 1946 at $65 a month for himself and family. His testimony was to the effect that he did some of what might be termed his "homework" in his apartment and, therefore, he thought that three-fourths of his apartment rent should be attributed to rental for business purposes.

We see no basis for such a deduction. As a school teacher he doubtless had to devote some time at home to grading papers, preparing to teach lessons and things of that sort and doubtless he used some room or space in his apartment as a study for such purpose, but we know of no law or regulation which would permit him to allocate a part of his apartment rent for this purpose and then take it as a business expense. After considering the facts, we have determined that petitioner re ceived income as an employee during the taxable year and that he was not engaged in a trade or business.

Petitioner's deductions under the provisions of section 23 (a) (1) are limited, therefore, to the deductions permitted an employee. Under the provisions of section 23 (a) (1) (A) of the Code, as further explained by section 22 (n) (2), deductions from gross income of an employee are allowed only for "expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of his services as an employee." On his tax return petitioner claimed the following expenses, which might be classified as traveling expenses:

| | |
|---|---|
| Depreciation on automobile | $300.00 |
| Gas, Oil & Car Service | 250.00 |
| Car Repairs | 142.50 |
| Car Maintenance | 97.50 |
| Garage Rent | 135.00 |
| Car Insurance | 95.00 |
| Carfare & Misc. | 19.50 |

The evidence was to the effect that petitioner was the owner of an automobile and used it in transporting himself to and from the locations where he taught school. Petitioner did not travel in the performance of his services as an employee as in *Kenneth Waters*, 12 T. C. 414. Cf. *Irene L. Bell*, 13 T. C. 344, and *Raymond E. Kershner, supra*. Such expenses as these incurred by the petitioner are commuting expenses, or personal expenses, and are denied as a deduction, Regulations 111, section 29.23 (a)–2 providing "Commuters' fares are not considered as business expenses and are not deductible." Moreover, petitioner's travel expenses fail to qualify as a deduction since another applicable provision of the Code is not satisfied. Petitioner's travel was performed entirely within the City of Chicago and it was not travel *while away from home.*

We have explained why the petitioner is not entitled to these deductions under the provisions of section 23 (a) (1) (A) of the Code. Neither do we think the petitioner is entitled to a deduction for these expenditures under the provisions of section 23 (a) (2), which provide:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

\* \* \* \* \* \* \*

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

In discussing the possibility of deducting petitioner's expenses under section 23 (a) (1) (A), we noted that section 22 (n) of the Code excluded any deduction. Section 22 (n) limits an individual's deductions from gross income to those expenses which satisfy one of the six subsections of that Code provision. The limitations of section 22 (n) apply to any expenses claimed by petitioner as a deduction under section 23 (a) (2) of the Code, just as it applies to expenses claimed as a deduction under section 23 (a) (1) (A) of the Code. *Ralph D. Hubbart*, 4 T. C. 121. We have examined each expense itemized by the petitioner and we are unable to find a single expense which would satisfy section 22 (n) of the Code, and, therefore, none of these items are deductible from petitioner's gross income.

Now as to petitioner's claim for a $300 depreciation deduction on his automobile, petitioner might contend that section 23 (1), I. R. C., is applicable. It provides for "A reasonable allowance for the exhaustion, wear and tear \* \* \* (1) of property used in the trade or business." We have no evidence in this case which establishes that petitioner was using his automobile in any business carried on by him within the meaning of the statute. Besides, petitioner offered no evidence as to the cost of the automobile, its probable useful life, and other essential elements to establish a depreciation deduction. No depreciation deduction can therefore be allowed on petitioner's automobile.

So far as we can see all the deductions which petitioner claimed in Schedule C attached to his return were personal expenses and not expenses attributable to any business which petitioner was carrying on during the year 1946. Petitioner makes some kind of claim that he was carrying on the business of a certified public accountant in 1946 and that the claimed deductions could be attributed, at least in part, to that business. We do not think the evidence supports this claim. It is true that petitioner was a licensed certified public accountant under the laws of the State of Illinois and in some prior years had done some accounting work during vacation periods. However, in the year before us he received no accounting fees and did no work which would enable us to say he was engaged to any extent in the business of practicing as a certified public accountant. His only compensation in 1946 was from his services as school teacher in the Chicago Public Schools

and from teaching night school at De Paul University. The expenses for which he claims deduction cannot properly be allowed as deductions under the applicable sections of the Internal Revenue Code which we have considered in this opinion. The Commissioner is sustained in his disallowance of them.

*Decision will be entered for the respondent.*