OPINION. Kern, Judge: The question of whether petitioner was an employee or an independent contractor arises under the provisions of section 22 (n) of the Internal Revenue Code of 1939.[1] It is a factual question, see Chester C. Hand, Sr., 16 T. C. 1410, and, in the circumstances presented by the instant case, is not free from doubt. The hospitals needed the full-time services of a pathologist in order to obtain and keep the valuable approval of the American Medical Association and the American Hospital Association, and in order to render proper and expected service to their patrons. Petitioner was employed for this purpose at a substantial annual salary plus a small percentage of the fees charged by the hospitals to out-patients. The great bulk of petitioner’s work was compensated for by his salary and consisted of pathological and laboratory services rendered by petitioner to the in-patients of the hospitals at the request of and in consultation with the physicians and surgeons practicing in the hospitals. Fees for these services were billed by the hospitals to the patients, and, in the absence of evidence to the contrary, we must assume that they were fixed in amount by the hospitals themselves. The record does not show whether there was a profitable margin to the hospitals collected by the hospitals and the expenses of their pathological department and laboratory, including the salary and percentage compensation of petitioner. Since petitioner only received 10 per cent of the paying out-patient work, it may be assumed that the hospitals collected amounts from the pathological and laboratory work considerably in excess of those paid to petitioner. His employment was referred to as a “position” and his compensation was to b,e a “salary” plus a small percentage on certain work. The terms of one employment specified a “vacation.” His employment was continuous and general, that is, to do the pathological and laboratory work necessary and customary in hospitals over an extended period of time for an annual salary. It was not to do such work for individual patients on a case basis. He was working for the hospital corporation by the year and not for individual patients “by the job.” All of these circumstances tend, in varying degrees, to indicate that petitioner was an employee of the hospitals as respondent has determined. The fact which tends to indicate that petitioner was an independent contractor is the apparent lack of supervision exercised by the hospitals over the manner in which petitioner performed the individual duties of his position. See A. P. Dowell, Jr., 13 T. C. 845. Petitioner’s agreement with the Rutland Hospital provided that he should work in “close cooperation” with the administration of the Hospital and that the hospital could terminate his employment on 3 months’ notice to petitioner.[2] Therefore, it would appear that there was some general control over petitioner’s performance on the part of the hospital. The question is whether that control is sufficient to warrant a finding that petitioner is an employee rather than an independent contractor. We are of the opinion that under the facts of this case, in which petitioner is a professional man, the control of the hospitals is sufficient to constitute petitioner an employee rather than an independent contractor. The methods by which professional men work are prescribed by the techniques and standards of their professions. Ho layman should dictate to a lawyer how to try a case or to a doctor how to diagnose a disease. Therefore, the control of an employer over the manner in which professional employees shall conduct the duties of their positions must necessarily be more tenuous and general than the control over nonprofessional employees. Yet, despite this absence of direct control over the manner in which professional men shall conduct their professional activities, it cannot be doubted that many professional men are employees. To give an example outside of the medical profession, there are many eminent lawyers who are full-time employees of corporations and who carry on their professional work with a minimum of direct supervision or control over their methods on the part of their employer. In the instant case it is our judgment that the general control of the hospitals over petitioner, to which we have referred, coupled with the controls over his method of working furnished by the high standards of his profession (controls which must have been assumed by the hospitals when they employed a person of such distinguished professional qualifications), are sufficient to constitute petitioner an employee rather than an independent contractor. Decision will be entered for the respondent. Sec. 22 (n). Definition of “Adjusted Gross Income". — As used in this chapter the term “adjusted gross income” means the gross income minus— (1) Trade and business deductions. — The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; Petitioner testified that his service in both hospitals was "practically identical.”