Claude Walker v. Commissioner.
Walker v. Commissioner
Docket No. 75786.
United States Tax Court
T.C. Memo 1959-206; 1959 Tax Ct. Memo LEXIS 42; 18 T.C.M. (CCH) 983; T.C.M. (RIA) 59206; October 29, 1959
*42 Claude Walker, pro se, 275 Wailupe Circle, Honolulu, Hawaii. George E. Constable, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency of $571.68 in the Federal income tax of petitioner and his wife for the year 1954. His wife is not a petitioner herein. A number of the issues presented by the pleadings herein were settled at the trial by concession and stipulation. The sole issue remaining for our resolution has to do with respondent's disallowance of a deduction in the amount of $682.78 taken by petitioner on account of "Auto Expenses." In the statement attached to respondent's determination of deficiency it was explained that respondent's disallowance of this item was because petitioner "failed to establish: (1) That these expenses are ordinary and necessary business expenses; (2) That the amounts claimed were expended for the purposes designated." Petitioner lived in Honolulu, Hawaii, during the taxable year 1954. He and his wife filed a joint Federal income tax return for that year with the district director of internal revenue at Honolulu. During the taxable year petitioner was employed *43 by the University of Hawaii as a full-time associate professor of business and economics in the College of Business Administration to teach 12 credit hours in daytime classes. In addition petitioner was employed by the Extension Division of the University of Hawaii to teach some courses at night, among which was a course on purchasing, and to organize and promote a two-year program of instruction in hotel management and administration. Persons teaching night courses in the Extension Division were employed by contract covering the particular subject taught, and did not have the usual academic "tenure." All courses were taught at the campus of the University of Hawaii, which was located several miles from petitioner's home. Petitioner drove his car to work both in the daytime and at night. He also used his car in organizing and promoting the program of instruction in hotel management and administration and in promoting the course on purchasing. In addition to his various employments by the University of Hawaii, petitioner was employed during the taxable year by a realtor to give two lectures a week for 5 weeks to a group of candidates preparing to take "the real estate examination *44 in the territory of Hawaii." These lectures were given in the business section of Honolulu and petitioner drove his car to and from these lectures. It is stipulated that the total amount representing petitioner's expenditures during taxable year to maintain and operate his automobile, including his proper depreciation thereon, was $1,363.55. Petitioner purported to make no deduction on account of these expenditures (and depreciation) in connection with his regular daytime work as associate professor of business and economics, but purported to deduct as part of his "Miscellaneous" deductions one-half of these expenditures which he contends related to the night teaching carried on by him, the real estate lectures, and his organizational and promotional activities. Respondent has conceded on brief that the cost of petitioner's automobile trips in connection with his "promotional activity for the Purchasing course" is deductible in an amount not more than $9.82; that the cost of his trips in connection with the "promotional activity for the Hotel Management course" is deductible in an amount not more than $29.45; and that the cost of his trips in connection with his lectures before *45 the candidates for "the real estate examination" was deductible in an amount not more than $17.45. Petitioner has not proved that automobile expenses in excess of these amounts were incurred by him in the taxable year in connection with these three activities. With regard to the automobile expenses incurred by petitioner in connection with the night classes taught by him at the University of Hawaii, it is clear that they were commuting expenses, personal in nature, and not deductible. See Chester C. Hand, Sr., 16 T.C. 1410. We decide the issue submitted herein in favor of respondent subject to the concessions noted above. Decision will be entered under Rule 50.