HANS BOTHKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bothke v. Commissioner
Docket No. 1644-78.
United States Tax Court
T.C. Memo 1980-1; 1980 Tax Ct. Memo LEXIS 583; 39 T.C.M. (CCH) 826; T.C.M. (RIA) 800001; January 2, 1980, Filed Hans Bothke, pro se. Ruth E. Salek, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $6,163.84.After concessions by the respondent, [1] the following issues remain for our decision: *585 (1) Whether certain expenditures incurred by petitioner may be deducted as ordinary and necessary business expenses. (2) Whether petitioner is entitled to a casualty loss of $625. (3) Whether Federal Reserve Notes constitute income at face value. (4) Whether petitioner has been denied procedural due process of law. FINDINGS OF FACT Some of the facts were stipulated and are found accordingly. Hans Bothke (petitioner) resided in Orange, California at the time he filed his petition in this case. He filed a timely Federal income tax return for the year 1976. Petitioner is an engineer who was employed as a piping supervisor by Fluor Corporation. In 1976 he received $28,225.90 as compensation for his services to Fluor. Petitioner was required to work a forty-hour week. He did not perform any work for Fluor at any location other than its corporate offices or on assignment in Germany and he did not perform similar services for any other individual or business entity during 1976. He received a paycheck from Fluour every other Friday. He also received numerous health and fringe benefits from the company and was reimbursed for any expenditures he incurred while working *586 for Fluor.Petitioner was required to dress neatly and in attire generally suitable for a member of corporate management, but he was not required to wear a specific uniform. In 1976 he purchased a new car which he drove to and from the Fluor offices.
Petitioner claimed, in addition to the items previously conceded by the respondent, the following expenditures as ordinary and necessary business expenses: Item
Amount
A. Food and Drink
4,580.00
B. Telephone
373.24
C. Association Fee
382.00
D. Electric
164.91
E. Gas
53.34
F. Water
55.50
G. Fire Insurance
77.00
H.Los Angeles Times
67.50
I. Other Books and Magazines
292.35
J. Automobile Depreciation
1,000.00
K. Automobile Operating Costs
1,000.00
L. Application Fee, Automobile
11.00
M. Fee for American Express Card
20.00
N. Dentist Bill
35.00
O. Clothing
724.93
Items A through H were expended in connection with the maintenance of petitioner's family home. Items J and K were claimed with respect to the car used to transport petitioner to and from work. Item I consists of general business books and magazines, general computer books and advertising costs incurred in selling *587 a recipe prepared by petitioner. Item L is the balance of the application fee for registration of a automobile that is not considered a tax. Items M and N are self-explanatory. Item O represents suits purchased by petitioner to wear at work. Respondent has disallowed the claimed deductions of all the above items as personal expenditures. OPINION Issue 1. Deductibility of Certain Expenditures
Petitioner contends that the items in dispute are properly deductible as ordinary and necessary expenses incurred in the pursuit of his trade or business. He asserts that he is an independent contractor, not an employee, and is thereby entitled to deduct all of the items. Respondent, on the other hand, contends that petitioner is an employee, and that these expenditures constitute personal living expenses which are not deductible because of the provisions of section 262. At the outset we note that if petitioner is an independent contractor rather than an employee, that fact alone does not convert otherwise nondeductible personal expenditures into deductible business expenses absent a *588 direct relationship to the taxpayer's trade or business. To determine whether an individual is an employee or an independent contractor, we must look to common law concepts. Burnetta v. Commissioner, 68 T.C. 387, 397 (1977); Packard v. Commissioner, 63 T.C. 621, 629 (1975); Simpson v. Commissioner, 64 T.C. 974, 984 (1975); Ellison v. Commissioner, 55 T.C. 142, 152 (1970); James v. Commissioner, 25 T.C. 1296, 1300 (1956); Hand v. Commissioner, 16 T.C. 1410, 1414 (1951). Section 31.3121(d)-1(c)(2), Employment Tax Regs., provides one statement of the common law definition of an employer-employee relationship: (2) Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control *589 of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. * * * Another explanation is found in section 220 of 1 Restatement of Agency 2d: A servant [employee] is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control. The existence of a common law employer-employee relationship is not determined simply by an arbitrary application of one of the general definitions.Whether two parties stand in an employer-employee relationship is a factual question. Simpson v. Commissioner, supra at 984; Ellison v. Commissioner, supra at 152; *590 James v. Commissioner, supra at 1300; and Hand v. Commissioner, supra at 1414. Among the relevant factors to which the courts have looked in determining the substance of the employment relationship are the following: (1) the degree of control exercised by the principal over the details of the work, (2) which party invests in the facilities used in the work, (3) the opportunity of the individual for profit or loss, (4) whether the principal has the right to discharge the individual, (5) whether the work is part of the principal's regular business, (6) the permanency of the relationship, and (7) the relationship the parties believe they are creating. Simpson v. Commissioner, supra at 984-85; Sec. 31.3121(d)-1(c)(2), Employment Tax Regs.; United States v. Silk, 331 U.S. 704, 716 (1947); Ellison v. Commissioner, supra at 153; Illinois Tri-Seal Products, Inc. v. United States, 173 Ct. Cl. 499, 353 F.2d 216 (1965); 1 Restatement of Agency 2d, supra. In assessing all of the pertinent factors, no one factor is controlling. Rather, *591 the result is governed by the entire situation and the special facts and circumstances of each case. Sec. 31.3121(d-1(c)(3), Employment Tax Regs.; United States v. Silk, supra; Cape Shore Fish Co. v. United States, 165 Ct. Cl. 630, 636-37, 330 F.2d 961, 965 (1964). Upon consideration of the facts and circumstances in this case, we agree with respondent that the petitioner was an employee of Fluor.He was required to work a forty-hour week; he performed no similar services for any other individual or organization during the tax year; and he was under the direct control of his employer as to the manner in which he performed his work functions. The mere fact that he exercised control over subordinates and was responsible for designing new pipe systems does not alter the fact that the corporation had the absolute right to control the scope, direction and manner in which he performed his duties. Having determined that petitioner was an employee of Fluor, we must determine which of the disputed expenditures directly relate to his trade or business of being an employee. It is axiomatic that *592 petitioner may not deduct personal living expenses from his gross income.Section 262; Section 1.262-1(a) and (b), Income Tax Regs. In this regard the petitioner expended various sums of money for food, drink, electricity, gas, telephone, water, insurance, books, magazines, newspapers and association fees. All of these items, which are related to the maintenance of his personal residence, are clearly not deductible. Petitioner has also claimed $1,000 for depreciation and $1,000 in operating costs for an automobile used for commuting to and from his residence to his principal place of employment. It is settled law that commuting costs are treated as nondeductible personal expenses. Sections 1.262-1(b)(5) and 1.162(2)(e), Income Tax Regs.; Commissioner v. Flowers, 326 U.S. 465 (1946); Sanders v. Commissioner, 439 F.2d 296, 298-299 (9th Cir. 1971); Feistman v. Commissioner, 63 T.C. 129, 134 (1974); Heuer v. Commissioner, 32 T.C. 947, 951 (1959), affd. per. curiam 263 F.2d 865 (5th Cir. 1960). In addition, *593 the registration fee for petitioner's personal automobile is not deductible as a business expense. Petitioner contends that he is entitled to deduct a $35 bill for dental services. Deductibility of this personal expense depends on whether he meets the requirements of section 213. Section 213(a)(1) permits only the deduction of the excess of certain medical expenses, such as dental services, over three percent of adjusted gross income. Petitioner also claims $724.93 for suits and related articles of clothing which he purchased to wear to work. Fluor did not require any type of specialized uniform but required its management employees to dress in appropriate business attire. It is well settled that clothes which are suitable for general or personal wear do not qualify as business expenses under section 162. See section 262; Kennedy v. Commissioner, 451 F.2d 1023 (3d Cir. 1971); Mortrud v. Commissioner, 44 T.C. 208 (1965); Yeomans v. Commissioner, 30 T.C. 757 (1958). *594 The clothing purchased by petitioner is clearly adaptable for general or personal wear. Accordingly, we conclude that he is not entitled to deduct the clothing costs as a business expense. In addition, petitioner is not entitled to deduct the annual fee on his American Express card as a business expense. Petitioner testified that he utilized the card both for expenditures incurred during the course of his employment and for personal purchases. He also stated that his employer did not require him to have the card and it had no policy of reimbursement for the annual fee. We do think, however, that the petitioner should be permitted to deduct the cost of placing two advertisements in magazines to sell a recipe for a health food cereal that he had created. Issue 2.Casualty Loss
Petitioner contends that he suffered a casualty loss in 1976 when his son demolished a 1966 Mustang automobile allegedly owned by petitioner. He claims to have purchased the car in 1974, yet he was unable to positively state what the purchase price was or to offer any documentary proof such as a bill of sale or a registration card.Petitioner's testimony and that of his son were vague as to the manner, *595 time, and location of the accident. They did not offer any documentary evidence that the accident in fact occurred. According to petitioner's son, the car was abandoned after the accident and no effort was made to sell the car for scrap. Moreover, no reliable evidence of fair market value at the date of accident was offered and no information about the car's condition on the date of purchase or prior to the alleged casualty was offered. We think the petitioner has failed to establish that an accident occured, the fair market value of the car before and after the accident, the purchase price and the lack of any salvage value. These facts are necessary to establish a casualty loss deduction under section 165. Accordingly, we disallow the claimed casualty loss deduction. Issue 3. Federal Reserve Note/Legal Tender Arguments
Petitioner contends that Federal Reserve notes do not constitute income at fact value but must be converted to a discounted specie dollar value. However, this Court has consistently upheld the constitutional taxability of Federal Reserve notes as income and *596 always at their face value. Hatfield v. Commissioner, 68 T.C. 895, 897 (1977); Sibla v. Commissioner, 68 T.C. 422, 430-431 (1977); Gajewski v. Commissioner, 67 T.C. 181, 193-194 (1976), affd. without opinion 578 F.2d 1383 (8th Cir. 1978); Hartman v. Commissioner, 65 T.C. 542, 547 (1975); Cupp v. Commissioner, 65 T.C. 68, 84 (1975) affd. without opinion 559 F.2d 1207 (3d Cir. 1977). Accordingly, we reject petitioner's argument that he can "value" the salary checks he received from Fluor at a discounted specie value. Upon cashing his paycheck the petitioner received in absolute terms the number of Federal Reserve notes corresponding to the face value of the salary check. That amount, without diminution, must be included in his gross income. Issue 4. Claimed Deprivation of Procedural Due Process
Petitioner contends that a number of actions by the respondlent at the administrative level, including the issuance of a deficiency notice prior to an appellate conference, has resulted in his being denied procedural due process. As we indicated to petitioner at trial, *597 there is no mandatory requirement that the respondent provide an appellate conference prior to issuance of a deficiency notice. Moreover, as was stated in Cataldo v. Commissioner, 60 T.C. 522, 523 (1973): the providing of such a hearing "is not essential to the validity of a notice of deficiency." Luhring v. Glotzbach, 304 F.2d 560, 563 (C.A. 4, 1962); Philip F. Flynn, 40 T.C. 770 (1963). It has been hld repeatedly that the procedural rules do not have the force of law. Rosenberg v. Commissioner, 450 F.2d 529 (C.A. 10, 1971), affirming a Memorandum Opinion of this Court; Luhring v. Glotzbach, supra; Michael Pendola, 50 T.C. 509 (1968); Philip F. Flynn, supra; M. Hunter Brown, 27 T.C.M. 127, 37 P-H Memo. par. 68,029 (1968), affirmed per curiam on another issue 418 F.2d 574 (C.A. 9, 1969). The procedural rules, which were adopted without the approval of the Secretary of the Treasury, are: directory and not mandatory in legal effect, and *598 they do not curtail the power conferred upon the Secretary of the Treasury or his delegate by § 6212, I.R.C. to send a notice of deficiency if he determines that there is a deficiency in the tax shown on the taxpayer's return. [Luhring v. Glotzbach, supra at 565; fn. ommited.] In fact, an appellate conference did occur after the petition was filed in this case. We have considered the other various contentions and accusations made by petitioner and find them to be without merit. There is nothing in this record which would demonstrate to us that petitioner has been denied procedural due process. The reflect respondent's concessions and our conclusions on the disputed issues, Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that the following items are deductible from petitioner's gross income for 1976: (1) state and local income taxes, $934.90; (2) real estate taxes, $725.36; (3) sales tax, $348; (4) interest, $2,388.27; (5) technical literature, $64.55; (6) tax preparation, $15; and (7) automobile tax, $26. During the trial respondent indicated that an additional $1,599.88 is deductible from petitioner's gross income, such amount representing reimbursed business expenses which his employer had included in petitioner's Form W-2 for 1976.↩