KARON S. ARONSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Aronson v. Commissioner
Docket No. 12992-84.
United States Tax Court
T.C. Memo 1985-484; 1985 Tax Ct. Memo LEXIS 147; 50 T.C.M. (CCH) 1065; T.C.M. (RIA) 85484; September 17, 1985. Karon S. Aronson, pro se. James Gehres, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $464.62 in petitioner's 1980 Federal income tax and also determined a deficiency of $90.00 in petitioner's 1980 Federal excise tax. The issues for decision are: (1) whether a $1,500.00 contribution to an individual retirement account ("IRA") was deductible under section 219[1]; and (2) whether petitioner is liable for an excise tax imposed under section 4973(a) for excess contributions to an IRA. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Denver, Colorado, at the time her petition was filed in *149 this case. During the year at issue petitioner, a physician, had two employers. From September 17, 1979, until June 13, 1980, petitioner was employed by the University of Wyoming Student Health Service ("Wyoming Health Service") at Laramie, Wyoming. The University of Wyoming is an agency of the State of Wyoming. On June 15, 1980, petitioner was employed as a Resident I in anesthesiology by the University of Colorado Health Sciences Center. Petitioner spent two years at the University of Colorado Health Sciences Center, completed her residency, and became board eligible on June 14, 1982. Petitioner has practiced as an anesthesiologist since that time. Petitioner was formally offered employment with the Wyoming Health Service by letter dated August 28, 1979. The letter stated that petitioner's appointment would extend through June 30, 1980, at an annual rate of $36,192.00. The letter also stated that petitioner would be required to participate in a retirement program. Petitioner confirmed her acceptance of the position by letter dated September 1, 1979. Petitioner was classified as an employee by the University of Myoming. She was given a Form W-2, Wage and Tax Statement, *150 by the University of Wyoming to reflect her earnings for 1980. These earnings were reported by petitioner on Line 8, "Wages, salaries, tips, etc.", of her Form 1040, U.S. Individual Income Tax Return, for 1980. In addition, petitioner reported employee business expenses related to her employment by the Wyoming Health Service. During her employment by the Wyoming Health Service, petitioner participated in and made contributions to the Wyoming Retirement System. The Wyoming Retirement System was established by the State of Wyoming to provide regular allowances for retired or disabled state employees and teachers. Wyo. Stat. Sec. 9-5-203 (1977). Employees covered by the Wyoming Retirement System included employees of political subdivisions of the State of Wyoming. Wyo. Stat. Sec. 9-5-202 (1977). The Wyoming Retirement System provided for contributions by the employer and the employee. Wyo. Stat. Sec. 9-5-211 (1977)., Wyo. Stat. Sec. 9-5-212 (1977). Upon termination of employment the employee was entitled to a refund of his contributions if he had less than four years of service. Wyo. Stat. Sec. 9-5-222 (1977). If the employee was again covered by the Myoming Retirement System, *151 he could redeposit the contributions withdrawn plus interest to reestablish his service credits as of the time the contributions were withdrawn. Wyo. Stat. Sec. 9-3-422 (1982); Wyo. Stat. Sec. 9-5-222 (1977). Although petitioner's appointment extended until June 30, 1980, subsequent events led to her early resignation. In January of 1980 petitioner's previous employer was contacted by an administrator of the University of Wyoming, and he made disparaging remarks regarding petitioner. A file was begun accumulating information relating to petitioner's professional performance, and petitioner was directed to seek emotional counseling in order to retain her position. By February of 1980 the University of Wyoming sought petitioner's dismissal. In addition new requirements were announced for petitioner's position. Petitioner did not have the requisite certification to meet these requirements. Petitioner resisted dismissal prior to June 30, 1980. Among her arguments countering early dismissal was the existence of an employment contract mandating employment until June 30, 1980. In May of 1980 petitioner was compelled to resign her position effective June 13, 1980. Petitioner *152 had not completed four years of service as of the effective date of her resignation and was eligible to receive a refund of her contributions to the Wyoming Retirement System. Prior to her formal resignation petitioner signed a request for the refund of her contributions to the Wyoming Retirement System. Petitioner was verbally advised that she must sign this request because there was no possibility of reemployment. Prior to April 15, 1981, petitioner made an IRA contribution of $1,500.00. Petitioner claimed this amount as an "Adjustment to Income" on her Federal income tax return for 1980. Respondent disallowed petitioner's deduction for the IRA contribution and imposed an excise tax of $90.00. OPINION We must first consider petitioner's contention that she is entitled to a deduction for her IRA contribution. As in effect during 1980, section 219 allowed a deduction for amounts paid in cash to an IRA. Sec. 219(a)(1). The maximum amount deductible under this provision was $1,500.00. Sec. 219(b)(1). No deduction was allowed where the individual was an active participant in a plan *153 established by a state for its employees for any part of the taxable year. Sec. 219(b)(2)(A)(iv). [2] An individual was an active participant in a plan if he was accruing benefits under the plan, even though he had only forfeitable rights to those benefits. Orzechowski v. Commissioner,69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979). Petitioner argues that she was not an active participant in the Wyoming Retirement System. She asserts that she was an independent contractor rather than an employee of the Wyoming Health Service and, therefore, that she was not eligible to participate in the Wyoming Retirement System. In the alternative she argues that her IRA contribution deduction should be allowed and cannot potentially receive a double benefit as a result of her IRA contribution deduction. We disagree with both of petitioner's arguments and begin *154 by addressing her argument that she was an independent contractor and not an employee of the Wyoming Health Service. The Wyoming Supreme Court has articulated the test for determining employee status as: (1) Retention of the right of control whether the work is done by the piece or done for a fixed lump sum. (2) control of the premises where the work is done. [Brubaker v. Glenrock Lodge Internat'l Ord. of O.F., 526 P.2d 52, 57 (Wyo. 1974).]
Another factor which must be considered is whether either party may terminate the services at will without incurring liability. Brubaker v. Glenrock Lodge Internat'l Ord. of O.F.,supra at 57. A skilled professional may be an employee even when there is a lack of direct control over the manner in which he conducts his professional activities. James v. Commissioner,25 T.C. 1296, 1301 (1956). Here, petitioner has not offered sufficient evidence to show that she was not an employee of the Wyoming Health Service and thus ineligible to participate in the Wyoming Retirement System. She *155 was classified as an employee by the State of Wyoming and included in the Wyoming Retirement System. Petitioner received a Form W-2, Wage and Tax Statement, from the University of Wyoming and reported her income from the University of Wyoming as wages or salary on her Form 1040, U.S. Individual Income Tax Return, for 1980. In addition she reported employee business expenses attributable to her employment by the Wyoming Health Service. It is clear that at the time petitioner filed her Federal income tax return for 1980 both she and her employer understood the relationship created to be an employer-employee relationship. Although petitioner now claims that her status as a physician would preclude the requisite control by the Wyoming Health Service to have the status of an employee, we cannot agree with petitioner's assertion. Petitioner, as a skilled physician, may have exercised more discretion in performing her responsibilities than would a nonprofessional employee. However, it is clear that the Wyoming Health Service did exercise some control over petitioner's performance. The fact that petitioner was directed to seek emotional counseling in order to retain her position certainly *156 indicates such control. In addition, it is apparent that the Wyoming Health Service, and not petitioner, controlled the premises where petitioner performed her duties. Finally, although petitioner contends that she had an employment contract which was not terminable by either party, we note that petitioner did in fact terminate her employment 17 days before the expiration of her appointment. In the alternative petitioner argues that her IRA contribution deduction should be allowed because she has no potential for a double tax benefit attributable to her participation in the Wyoming Retirement Service. Petitioner asserts that she will not be reemployed by the State of Wyoming and cannot restore her pretermination benefits. The Seventh Circuit in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. T.C. Memo. 1978-498, held that a taxpayer who had no potential for a double tax benefit was outside the class of persons Congress intended to prohibit from deducting an IRA contribution. In Foulkes, the taxpayer terminated his employment in May of *157 1975 and forfeited his right to benefits under the employer's noncontributory pension plan. The break in service rules of section 411(a)(6) did not apply to the taxpayer under the pension plan, and he would not receive any credit for his past service on reemployment. The Seventh Circuit concluded that the taxpayer was not an active participant in a plan under such circumstances. Foulkes v. Commissioner,supra at 1110-1111. The facts of this case are clearly distinguishable from the situation in Foulkes. While it may appear unlikely that petitioner would ever be reemployed by the State of Wyoming, petitioner has not shown that there is any absolute bar on her future employment by the State of Wyoming or its political subdivisions. If petitioner is reemployed by the State of Wyoming or employed by a political subdivision of the State of Wyoming, she will be entitled to full credit for her pretermination service on repayment of the contributions which she withdrew plus interest. Wyo. Stat. Sec. 9-3-422 (1982); Wyo. Stat. Sec. 9-5-222 (1977). Consequently, the potential for a double tax benefit does exist, and petitioner's IRA contribution must be disallowed *158 under the limitation of section 219(b)(2)(A)(iv). [3]
We must next consider petitioner's contention that she is not liable for the Federal excise tax under section 4973. Section 4973(a) imposes an excise tax of six percent on "excess contributions" made to an IRA during the taxable year. We have determined that petitioner was not entitled to a deduction under section 219 for her contribution of $1,500.00 to an IRA in 1980. Consequently, the full amount of her contribution is an excess contribution subject to the excise tax. Anthes v. Commissioner,81 T.C. 1, 8 (1983), affd. without published *159 opinion 740 F.2d 953 (1st Cir. 1984); Chapman v. Commissioner,77 T.C. 477, 481 (1981); Eanes v. Commissioner,85 T.C. 168 (1985). On the basis of this record, we sustain respondent's determinations. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 219↩ has been amended to allow persons covered by qualified plans to deduct amounts contributed to IRAs in taxable years beginning after December 31, 1981. Sec. 311(a), Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 274. This change was not made retroactive.
3. The result in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), has been rejected by the Third Circuit. Hildebrand v. Commissioner,683 F.2d 57, 59 (3d Cir. 1982). In Eanes v. Commissioner, 85 T.C.     (filed July 30, 1985), we considered the Seventh Circuit's opinion in Foulkes; however since we found Eanes to be indistinguishable from Hildebrand,↩ we followed our decision, as affirmed by the Third Circuit, in that case.