T.C. Summary Opinion 2002-18


UNITED STATES TAX COURT


RICHARD G. AND CAROLYN J. NEWHOUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7684-00S.               Filed February 28, 2002.


Richard G. and Carolyn J. Newhouse, pro sese.

<u>Michael W. Berwind</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1995 a deficiency in petitioners' Federal income tax of $3,814 and an addition to tax under section 6651(a)(1) of $509. The issues for decision are whether Richard Newhouse (petitioner): (a) Was an independent contractor entitled to deductions for business expenses on Schedule C, Profit or Loss From Business; (b) is entitled to business expense deductions in excess of those allowed by respondent; and (c) failed timely to file his Federal income tax return without reasonable cause.

Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Garden Grove, California, at the time their petition was filed in this case.

Petitioner is a professor of geography. He started teaching at junior colleges on a part-time basis in 1989. In 1995, petitioner taught at four different junior colleges from each of which he received a Form W-2, Wage and Tax Statement. Petitioners reported $9,473 as income earned from his teaching jobs on Schedule C of their 1995 Federal income tax return. The Forms W-2 issued to petitioner by the junior colleges and one issued to him by "Safeway Incorporated" list amounts totaling only $7,228. Petitioners also included $7,228 of petitioner's Form W-2 income as wages on line 7 of the U.S. Individual Income

Tax Return, Form 1040.  In addition, petitioners deducted business expenses of $39,553 from petitioner's "Geography Professor" activity on Schedule C.  Of the total business expenses deducted, $13,088 is attributable to the rental of "other business property".  Petitioners kept no substantiation for any of the business expense deductions except for "other business property" rental expenses.

As a junior college professor, petitioner performed the tasks common to that profession.  He prepared his lessons, presented material to his students, and prepared and graded exams.  Petitioner purchased from his own funds items he used to assist him in presenting geographical material to his students, including globes, maps, films, photos, and books.

Petitioner's Form W-2 from Mt. San Antonio Community College indicates that he had a "457 contrib." deducted from his pay. Section 457 governs "deferred compensation plans of state and local governments and tax-exempt organizations".  His W-2 from Long Beach City College indicates he made a "sec 414(h)(2) contribution".  Section 414(h)(2) deals with amounts contributed to an employees' trust in the case of a plan established by the government of a State or a political subdivision of a State.  The colleges furnished petitioner classrooms, a class schedule, and students.

Petitioners dated and signed their 1995 Federal income tax return on April 14, 1998.

## Discussion

Petitioners argue that petitioner was an independent contractor with respect to his teaching positions in 1995 at the four junior colleges. If the Court should determine that he was not an independent contractor, petitioners argue that they should be allowed employee business expense deductions on Schedule A, Itemized Deductions, of $39,553 as claimed on Schedule C of their return.

## Employee or Independent Contractor

Whether an individual is an employee or independent contractor is a factual question to which common law principles apply. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995); Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988). Factors that are relevant in determining the substance of an employment relationship include: (1) The degree of control exercised by the principal over the details of the work; (2) the taxpayer's investment in the facilities used in his or her work; (3) the taxpayer's opportunity for profit or loss; (4) the permanency of the relationship between the parties; (5) the principal's right of discharge; (6) whether the work

performed is an integral part of the principal's regular business; (7) the relationship the parties believe they are creating; and (8) the provision of employee benefits.  NLRB v. United Ins. Co. of Am., 390 U.S. 254, 258 (1968); United States v. Silk, 331 U.S. 704, 716 (1947); Weber v. Commissioner, supra at 387; Profl. & Executive Leasing, Inc. v. Commissioner, supra at 232; see also sec. 31.3121(d)-(1)(c)(2), Employment Tax Regs. (setting forth criteria for identifying employees under the common law rules).

No single factor is dispositive; the Court must assess and weigh all incidents of the relationship.  Nationwide Mut. Ins. Co. v. Darden, supra at 324.  The factors are not weighed equally; they are weighed according to their significance in the particular case.  Aymes v. Bonelli, 980 F.2d 857, 861 (2d Cir. 1992).

While all of the above factors are important, the right-to-control test is the "master test" in determining the nature of a working relationship.  Matthews v. Commissioner, 92 T.C. 351, 361 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990); accord Weber v. Commissioner, supra at 387.  Both the control exercised by the alleged employer and the degree to which the alleged employer may intervene to impose control must be examined.  Radio City Music Hall Corp. v. United States, 135 F.2d 715, 717 (2d Cir. 1943); Weber v. Commissioner, supra at 387-388; deTorres v.

Commissioner, T.C. Memo. 1993-161.  "[N]o actual control need be exercised, as long as the employer has the right to control." Profl. & Executive Leasing, Inc. v. Commissioner, 862 F.2d at 753.  In order for an employer to retain the requisite control over the details of an employee's work, the employer need not direct each step taken by the employee.  Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. at 234; Gierek v. Commissioner, T.C. Memo. 1993-642.

The exact amount of control required to find an employer-employee relationship varies with different occupations.  United States v. W.M. Webb, Inc., 397 U.S. 179, 192-193 (1970).  In fact, the threshold level of control necessary to find employee status is in most circumstances lower when applied to professional services than when applied to nonprofessional services.  Azad v. United States, 388 F.2d 74, 77 (8th Cir. 1968); Profl. & Executive Leasing, Inc. v. Commissioner, 89 T.C. at 234.  "From the very nature of the services rendered by * * * professionals, it would be wholly unrealistic to suggest that an employer should undertake the task of controlling the manner in which the professional conducts his activities."  Azad v. United States, supra at 77; Weber v. Commissioner, supra at 388.  An alleged employer's control "must necessarily be more tenuous and general than the control over nonprofessional employees."  James v. Commissioner, 25 T.C. 1296, 1301 (1956).

In this case the Court is satisfied that the junior colleges for which petitioner worked had the authority to exercise, and did exercise, sufficient control over petitioner's teaching assignments to support a finding that he was an employee of the colleges. See Potter v. Commissioner, T.C. Memo. 1994-356; Bilenas v. Commissioner, T.C. Memo. 1983-661. In addition, the Court finds: (1) The investment in the facilities used in the work of teaching students was made by the junior colleges; (2) petitioner's pay was fixed, thereby eliminating the opportunity for "profit" or loss; (3) the work performed by petitioner was an integral part of the junior colleges' business; (4) two of the junior colleges provided employee benefits to petitioner; and (5) the Forms W-2 issued by each of the junior colleges to petitioner indicate that they considered petitioner to be an employee. Accordingly, the Court finds that petitioner was an employee of the four junior colleges for which he worked and not an independent contractor.

Employee Business Expense Deductions

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons.

See Rule 142(a).[1]  To show that an expense was not personal, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business. Walliser v. Commissioner, 72 T.C. 433, 437 (1979).

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not always be fatal. Generally, unless prevented by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent.  See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order for the Court to estimate the amount of an expense, however, the Court must have some basis upon which an estimate may be made.  See Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, an allowance would amount to unguided largesse.  See Williams v. Commissioner, 245 F.2d 559, 560 (5th Cir. 1957).

Certain business deductions described in section 274 are subject to strict rules of substantiation that supersede the doctrine in Cohan v. Commissioner, supra.  See sec. 1.274-

---

[1]Petitioner has made no argument that the burden of proof shifting provisions of sec. 7491(a)(1) have application to this case, nor has he offered any evidence that he has complied with the requirements of sec. 7491(a)(2).

5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Section 274(d) provides that no deduction shall be allowed with respect to: (a) Any traveling expense, including meals and lodging away from home; (b) any item related to an activity of a type considered to be entertainment, amusement, or recreation; or (c) the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements. "Listed property" includes any passenger automobile. Sec. 280F(d)(4)(A)(i).

When petitioner was questioned about the existence of substantiation for his business expenses, specifically the automobile expenses, he replied: "I have found it to be not financially worthwhile to complete detailed logs of things." He added that "I don't have any detailed records with me at this time." In fact, petitioner did not have any records to substantiate any of his claimed expenses except for his rental expenses. The Court cannot estimate the amount of any of his claimed expenses except for his rental expenses.

The rental payments, according to petitioner, are made up of two elements. One is the expense of renting two storage spaces 10 feet by 30 feet in public "warehouses". The other element is the rental of his home. Petitioner explained that his "home situation has been temporary" due to the fact that his job situation was unstable. He was looking for a full-time job, he

said, and did not want to "move in and get all set up, because one never knew how long you'd be there."

Petitioner testified that he kept in the storage spaces books, maps, globes, bookcases, file cases, desks, "and so on like that." Petitioner further testified that "there is some personal aspect to each of them" but that if he did not have all of his teaching material in there: "I would find a way of stuffing the small amount of personal stuff in the warehouses into the house."

Petitioner testified that he treated 85 percent of the rental payments on his three-bedroom house as a business expense. According to petitioner, "Most of the home is a library, and/or office, or storage for various books, maps, globes, atlases, air photos." His view, according to his testimony, is that geography is "in effect, the world and everything that's in it, and to some extent, that is why I have such a large library."

The Court accepts, for the purposes of argument, that petitioner's home is used primarily as a storage place for various books, maps, and globes. Petitioner, however, has not shown that the rental expense of the storage spaces was ordinary and necessary. See sec. 162(a); Welch v. Helvering, 290 U.S. 111 (1933).

Section 162 allows a deduction for ordinary and necessary expenses paid or incurred by a taxpayer in carrying on a trade or

business. The expenses must be directly or proximately related to the taxpayer's trade or business. Deputy v. du Pont, 308 U.S. 488, 494-495 (1940); sec. 1.162-1, Income Tax Regs. An expense is considered "ordinary" if commonly or frequently incurred in the trade or business of the taxpayer. Deputy v. du Pont, supra at 495-496. An expense is "necessary" if it is one that is appropriate or helpful in carrying on petitioner's trade or business. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). The expense must also be reasonable in amount relative to its purpose. Cardwell v. Commissioner, T.C. Memo. 1982-453 (citing United States v. Haskal Engg. & Supply Co., 380 F.2d 786, 788 (9th Cir. 1967)).

An employee's trade or business is earning his compensation, and generally only those expenses that are related to the continuation of his employment are deductible. Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60.

Petitioner has not established through his testimony or by other evidence that the rental expenses incurred to store his own "library" were of a type commonly or frequently incurred in petitioner's trade or business of earning pay as a part-time temporary junior college professor. Although it is to be expected that petitioner would keep a certain amount of books, maps, and other items on hand as aids to teaching geography, it

is extraordinary that he would need to incur the expense to keep and store a whole "library".

Petitioner has not established that the costs of commercially storing the books and other materials are deductible business expenses. The Court finds that petitioner collected large amounts of books, maps, and other geographical materials for personal reasons. See Mann v. Commissioner, T.C. Memo. 1993-201; Wheatland v. Commissioner, T.C. Memo. 1964-95.

Focusing now on petitioners' home, they argue that they are entitled to deduct a substantial portion of the cost of renting the three-bedroom house in which they reside. Section 280A generally prohibits deduction of otherwise allowable expenses with respect to the use of an individual taxpayer's home. As an exception, this restriction does not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. Sec. 280A(c)(1)(A). In the case of an employee, the exclusive use of a portion of the dwelling unit must be for the convenience of his employer. Sec. 280A(c). Petitioner has not shown that his home was used for the convenience of his employer. See Gantner v. Commissioner, 91 T.C. 713, 730 (1988), affd. 905 F.2d 241 (8th Cir. 1990); Bowles v. Commissioner, T.C. Memo. 1993-222. Nor has he shown that his principal place of business was other

than at the respective junior colleges where he taught.

Commissioner v. Soliman, 506 U.S. 168, 175 (1993)("principal place of business" means not merely an important or necessary place of business, but the most important one); Puckett v. Commissioner, T.C. Memo. 1990-89.

The Court holds that petitioner is not entitled to any deductions related to his employment as a part-time temporary junior college professor in excess of those allowed by respondent.

Timeliness of the Return

Respondent determined an addition to tax under section 6651(a)(1) for petitioners' failure to file timely a Federal income tax return for 1995. In the stipulation of facts signed by the parties, it is stated that "Petitioners timely filed a U.S. Individual Income Tax Return, Form 1040, for 1995" and that a "true and correct copy of this return is attached hereto as Joint Exhibit 1-J."

The return attached to the stipulation and represented to be true and correct is dated as signed by petitioners on April 14, 1998, 2 years after the due date of the return. During trial, petitioner identified his signature and agreed that it was dated when he signed it. The face of the return bears an IRS date stamp indicating that it was received on April 17, 1998.

The Court does not lightly set aside stipulations of fact but may exercise broad discretion to determine whether to hold a party to a stipulation. Blohm v. Commissioner, 994 F.2d 1542, 1553 (11th Cir. 1993), affg. T.C. Memo. 1991-636. "The evidence in the record demonstrates that the stipulation is simply incorrect." Estate of Eddy v. Commissioner, 115 T.C. 135, 137 n.4 (2000). Stipulations of fact that are contrary to facts contained in the record do not bind the Court. Blohm v. Commissioner, supra; Estate of Eddy v. Commissioner, supra; Estate of Branson v. Commissioner, T.C. Memo. 1999-231.

Petitioners failed to file timely their Federal income tax return for 1995. They have failed to offer any evidence that such failure was due to reasonable cause and not to willful neglect. Respondent's determination that they are liable for the addition to tax under section 6651(a) is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.